[No. 5208.]
JOHN A. CARDINELL *v.* CHARLES A. BENNETT
ET AL.

CONTRACT TO BUY PERSONAL PROPERTY. — One who enters into a contract with another whereby it is agreed that he shall own certain personal property on the performance of certain conditions by him, has no complete ownership, either general or special, in the property, by virtue of the contract.
REPLEVIN.—One who has no title to personal property except by virtue of a contract with the owner to own it on the performance of certain conditions, cannot maintain an action to recover possession of it.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Wm. H. Carpenter owned the horse " Chief Crowley," and on the 7th day of February, 1874, entered into an agreement with the plaintiff, by which the plaintiff was to give him his (Cardinell's) buggy and two hundred and fifty dollars for the horse, on Monday, the 9th day of February, following.  On the 7th, after the agreement had been made with the plaintiff, Carpenter sold the horse to one Bennett for three hundred and fifty dollars, but at the same time informed Bennett of his agreement with the plaintiff.  The plaintiff had paid Carpenter one dollar when he contracted with him, and on the 9th he called on Carpenter and delivered him his buggy, tendered him two hundred and forty-nine dollars, and demanded " Chief Crowley."  Failing to obtain the horse, he brought this action to recover " Chief Crowley," or his value.  The plaintiff recovered judgment, and the defendant appealed.

*Tilden & Wilson,* for the Appellant.

The agreement between Carpenter and Cardinell was not a sale, but an agreement to sell—an executory, not an executed, contract.  Cardinell never owned or acquired the title to the horse.  It never was transferred to him, and he never had the right to its possession.  (Civil Code, secs. 1661, 1721, 1726–8 ; Story on Sales, secs. 1 and 274.)  An action of this kind cannot be maintained, unless the plaintiff, at the time of the conversion, is the owner of the property, and entitled to its imme-

diate possession. (1 Chitty on Pleadings, 148–9; 2 Greenl. on Ev. secs. 561–3.) Replevin or trover was not the plaintiff's remedy, but an action for damages. (Story on Sales, secs. 430, 450; *McDonald* v. *Hewitt*, 15 Johns. 349.)

*Thomas V. O'Brien*, for the Respondent.

Plaintiff was entitled absolutely to the possession of the horse, as against either Carpenter or Bennett, on payment or tender. (Civil Code, secs. 1748, 1822, 2905, 1504, 1512; *Ingersoll & Borick* v. *Emmerson*, 1 Smith's Ind. 77; *Satters* v. *Everest*, 20 Wend. 267; *Roland* v. *Gundy*, 5 Ohio, 202, and cases; Story on Bailments, sec. 102.) As to the effect of tender, see *Kirtright* v. *Cady*, 21 N. Y. 343.)

By the COURT:

Plaintiff had no property, either general or special, in the horse " Chief Crowley " at the time of the alleged conversion, or when this action was commenced. The transaction did not amount to a sale on credit from Carpenter to Cardinell, but a contract whereby it was agreed that the latter should acquire the property on the performance of certain conditions promised by him to be performed.

Judgment and order reversed and cause remanded.