[No. 14322.  Department One. — June 22, 1891.]

J. H. CLAUDIUS, RESPONDENT, v. MARTIN G. AGUIRRE, APPELLANT.

STATUTE OF FRAUDS — SALE OF PERSONAL PROPERTY — DELIVERY AND CHANGE OF POSSESSION — QUESTION OF FACT — CONFLICTING EVIDENCE — APPEAL. — What constitutes an "immediate delivery" or an "actual and continued change of possession" of personal property within the meaning of section 3440 of the Civil Code, providing that transfers of personal property are "conclusively presumed to be fraudulent where they are not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred," is a question of fact to be determined by the court, and where the evidence upon the point is conflicting, the finding of the trial court that there was a delivery and change of possession is conclusive, even though there may be evidence tending strongly to show an attempt to evade the statute.

CLAIM AND DELIVERY — JUDGMENT FOR DELIVERY ALONE. — In an action to recover the possession of personal property, where the delivery of the property is made to the plaintiff before the judgment, a judgment in favor of the plaintiff for its possession is sufficient, without an alternative judgment for its value.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. W. Latham,* and *M. L. Graff,* for Appellant.

A sale of personal property under the circumstances of this case is conclusively presumed to be fraudulent, and therefore void. (Civ. Code, sec. 3440; *Watson* v. *Rodgers,* 53 Cal. 401; *Edwards* v. *Sonoma Valley Bank,* 59 Cal. 148.) The mere change of the capacity in which the vendor acts while in possession of the goods will not save the sale from the provisions of the statute. The object of section 3440 of the Civil Code was to adopt a plain, simple, and conclusive test. (*Vance* v. *Boynton,* 8 Cal. 561; *Bunting* v. *Saltz,* 84 Cal. 168.) The judgment should also be reversed, because not in the alternative. (Code Civ. Proc., sec. 667; *Brichman* v. *Ross,* 67 Cal. 606; *Arzaga* v. *Villalba,* 85 Cal. 195.)

*Adams & Mitchell,* for Respondent.

The plaintiff having taken the property into his possession before judgment, a judgment in his favor for the delivery of the possession is sufficient, as it would be useless to insert a clause for the recovery of the value of the property in case a delivery could not be had. (See *Brown* v. *Johnson,* 45 Cal. 77; *De Thomas* v. *Witherby,* 61 Cal. 97; 44 Am. Rep. 542; *Burke* v. *Koch,* 75 Cal. 358; *Whetmore* v. *Rupe,* 65 Cal. 238.) Even if the judgment should have been in the alternative, it is, at best, a mere irregularity, from which no possible injury could result to appellant, and is no ground for reversal of the judgment. (*McCourtney* v. *Fortune,* 57 Cal. 619; *Murphy* v. *Bennett,* 68 Cal. 530; *Senter* v. *Senter,* 70 Cal. 620; *McAllister* v. *Clement,* 75 Cal. 184; *Daly* v. *Sorocco,* 80 Cal. 368; 13 Am. St. Rep. 169; *Demartin* v. *Demartin,* 85 Cal. 75; *Gillespie* v. *Lake,* 85 Cal. 407.)

Harrison, J. — The plaintiff brought this action against the sheriff of the county of Los Angeles, to recover the possession of certain personal property which had been levied on by him under a writ of attachment issued in an action against the plaintiff's vendor, and at the time of issuing the summons made the statutory claim therefor, under which the property was taken from the defendant and delivered to him. Upon the trial of the cause the court rendered judgment in favor of the plaintiff for the possession of the property, together with damages for its detention, but made no finding as to its value. From this judgment, and an order denying a new trial, the defendant has appealed, upon the grounds that the transfer of the personal property to the plaintiff from his vendor was fraudulent, inasmuch as it was not accompanied by an immediate change of possession; and that the judgment as entered is erroneous, for the reason that it does not provide for a recovery of the value of the property in case a delivery cannot be had.

1. Section 3440 of the Civil Code declares that "every transfer of personal property . . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors, while he remains in possession."

What constitutes an "immediate delivery" or an "actual and continued change of possession" is, however, a fact to be determined by the court upon the evidence presented in each particular case. (*Godchaux* v. *Mulford*, 26 Cal. 322; 85 Am. Dec. 178.) The circumstances connected with a transfer of personal property are so varied that it would be impossible to frame a rule applicable to each case, or to determine in advance what acts would be sufficient to meet the requirements of the statute. When the transfer is challenged as fraudulent under this section, all the circumstances connected therewith are essential to a determination of its character, and it can very rarely be the case that there will not be such a conflict of testimony as to preclude this court from re-examining its sufficiency.

In the present case the court found upon such conflicting evidence "that on the fifteenth day of March, 1890, one A. P. Stone, the then owner of the property described in the complaint herein, sold, transferred, and *delivered* the said property to the plaintiff herein for a valuable consideration," and also, "that plaintiff was the owner, in the possession of, and entitled to the possession of the said property continuously from March 15, 1890, until the same was taken by the defendant under said writ of attachment on March 18, 1890, without the consent of plaintiff." The evidence upon the subject of these findings is set out in the bill of exceptions, and although it presents strong characteristics of

an attempt to evade the provisions of the section, we cannot say that the conclusion reached by the court is not authorized; and under well-settled principles the finding of the trial court is conclusive.

2. Section 667 of the Code of Civil Procedure declares that " in an action to recover the possession of personal property, judgment for the plaintiff *may* be for the possession, or the value thereof in case a delivery cannot be had, and damages for detention."

The evident purpose of this provision is, that if the plaintiff, after obtaining judgment for its possession, is unable to obtain a delivery of the property, he may, in the same action, have a judgment for its value. The primary object of the action is to recover the possession of the property. (*Whetmore* v. *Rupe*, 65 Cal. 238.) But if the plaintiff has already obtained this possession before judgment, there is no occasion for any judgment for its value, as the condition is wanting upon which such clause in the judgment is authorized; viz., " if a delivery cannot be had." The plaintiff need not avail himself of the provisional remedy for obtaining possession prior to judgment, or if he does, the defendant may have retaken the property, or without retaking it, may obtain judgment for its return. In either of these cases the judgment must be in the alternative, in order that in case a delivery cannot be had, the prevailing party may recover its value (*De Thomas* v. *Witherby*, 61 Cal. 92; 44 Am. Dec. 542); or in order to determine the amount to be recovered from the sureties upon the undertaking. (*Nickerson* v. *Cal. Stage Co.*, 10 Cal. 520.)

Under the provisions of section 627 of the Code of Civil Procedure, in an action for the recovery of specific personal property the jury are authorized to find the value of the property, if their verdict be in favor of the plaintiff, only " if the property has not been delivered to the plaintiff," and, *e converso*, if the property has been delivered to the plaintiff, they are not required to find

the value; and in the absence of such finding, there is no
verdict upon which to base an alternative judgment.

In *Waldman* v. *Broder*, 10 Cal. 379, the plaintiff, under
a provisional remedy, had obtained possession of the
property prior to the judgment. At the trial a verdict
was rendered in favor of the defendant and judgment
thereon entered for a return of the property without any
mention of its value. Upon the objection, on appeal, that
such judgment was erroneous, the court said: " Nor is
there anything in the failure to give an alternative judg-
ment for the value of the property. This omission
might be complained of by defendants if they had shown
the value, but it is no ground of complaint on the part
of the plaintiff." In *Brown* v. *Johnson*, 45 Cal. 76, the
judgment was for the value of the property without the
alternative for its return. Upon appeal it was urged
that the judgment should be in the alternative, but the
court held that if it had been shown that the property
had been destroyed, so that a judgment for its delivery
would have been necessarily unavailing, " the failure to
render judgment for its possession would, at most, be but
a technical error or omission, — one for which we would
not reverse the judgment." In *Whetmore* v. *Rupe*, 65
Cal. 238, where the alternative judgment for the value of
the property was for less than the value as found, the
court said: " Appellant cannot complain that the judg-
ment was for less than the value of the property." In
*Burke* v. *Koch*, 75 Cal. 356, it was said: " Conceding that
this action is, as claimed by appellant, an action of claim
and delivery, it does not follow that the judgment is void
or erroneous because not in the alternative."

We can see no difference in principle between a judg-
ment for the value of the property sued for, without the
alternative for its delivery, and a judgment for the
delivery of the property without an alternative for its
value. If the former is free from error, the latter must
be equally so. Certainly the defendant against whom a

judgment for the possession has been rendered, where a delivery was obtained by the plaintiff before trial, cannot complain or feel aggrieved because the judgment as rendered does not also authorize a recovery from him of the value of the property.

We are aware that in *Berson* v. *Nunan*, 63 Cal. 550, under a state of facts similar to those in the present case, this court reversed the judgment, and remanded the cause, with directions to enter a judgment in the alternative form. It will be observed, however, that in that case the judgment as rendered was " for a return of the property, or its value and costs "; and that the judgment as entered varied from that which was rendered by not including the value of the property. This ruling was afterwards cited with approval in *Brichman* v. *Ross*, 67 Cal. 601, but the judgment in this latter case was reversed upon other grounds. We think, however, that the mere failure to include in the judgment a clause which cannot have any operative effect, or confer any right or protection upon either the plaintiff or the defendant, does not affect the substantial rights of either party, and is not a sufficient ground for the reversal of the judgment (Code Civ. Proc., sec. 475), and that the cases last mentioned should not be regarded as authority for such reversal.

The judgment and order denying a new trial are affirmed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.