[No. 14176.   Department Two. — August 25, 1891.]

MARY E. CARUTHERS, Respondent, v. J. M. HENSLEY ET AL., Appellants.

APPEAL — PRESUMPTIONS IN FAVOR OF JUDGMENT. — Upon an appeal from a judgment upon the judgment roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken.

ID. — MATTER DEHORS THE RECORD — BILL OF EXCEPTIONS. — Any matter *dehors* the record, relied on to destroy the presumptions in favor of the judgment, upon an appeal therefrom, must be embodied in a bill of exceptions; and if any matters could have been presented to the court below which would have authorized the judgment, it will be presumed that they were presented, if the record does not show the contrary.

ID. — CLAIM AND DELIVERY OF PERSONAL PROPERTY — ALTERNATIVE JUDGMENT — PRESUMPTION UPON APPEAL. — In an action for the recovery of specific personal property, if the jury find that the plaintiff is entitled to the possession, they are not required to find the value of the property, if it has been delivered to the plaintiff; and where a judgment is entered in favor of the plaintiff for the possession of the property, without an alternative judgment for its value in case delivery cannot be had, it will be presumed, upon appeal from the judgment, in the absence of any bill of exceptions, that it appeared at the trial that the plaintiff had already obtained possession of the property sued for.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Church & Cory,* and *H. H. Welsh,* for Appellants.

*J. P. Meux,* for Respondent.

HARRISON, J. — This action, for the recovery of certain personal property, was tried by a jury, which rendered a verdict in favor of the plaintiff for the possession of a portion of the property sued for, and assessed the damages for the detention thereof. Judgment "that the plaintiff have and recover from the defendants the said property, and the sum of $280 damages for the detention thereof," was thereupon entered by the court. From this judgment the defendants have appealed upon the

judgment roll alone, and ask a reversal upon the sole ground that the judgment is not in the alternative, as required by section 667 of the Code of Civil Procedure.

When an appeal to this court is to be determined upon the judgment roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. If the error relied on to destroy such presumption consists in matters *dehors* the record, such matters must be brought to this court by bill of exceptions or other appropriate method. If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith.

Section 627 of the Code of Civil Procedure authorizes the jury in an action for the recovery of specific personal property, in case their verdict is in favor of the plaintiff, to find the value of the property, "if the property has not been delivered to the plaintiff"; and section 667 of the Code of Civil Procedure authorizes a judgment for the plaintiff for the possession, "*or* the value thereof in case a delivery cannot be had." When the jury find that the plaintiff is entitled to the possession, they are not required to find the value of the property, if it has been delivered to the plaintiff, and unless the value has been found, there is no basis upon which to render the alternative judgment for its value. For the purpose, therefore, of sustaining a judgment entered in favor of the plaintiff for the possession of personal property, without the alternative for its value "in case delivery cannot be had," it can be presumed, in the absence of any bill of exceptions, or other showing of error, that it appeared at the trial that the plaintiff had already obtained the possession of the property sued for.

In *Brown* v. *Johnson*, 45 Cal. 76, judgment was ren-

dered in favor of the plaintiff for the value of the property, and damages for the wrongful taking, but without any judgment for its return. Upon an appeal by the defendant, on the judgment roll alone, upon the ground that the judgment was not in the alternative, the court said: "If at the trial of this action it had distinctly appeared that the personal property in controversy had been hopelessly lost, or had been destroyed, so that a judgment for its delivery would be necessarily unavailing, a failure to render judgment for its possession would at most be but a technical error or omission, and one for which we would not reverse the judgment; and in support of such judgment, where, as here, the record discloses nothing on the point, we will intend that the facts actually appearing below were such as to warrant its rendition." In *Claudius* v. *Aguirre*, 89 Cal. 501, it was held that when it appeared by the findings of the court that the property had been delivered to the plaintiff prior to the trial of the cause, a judgment for the possession, without the alternative for its value, was not erroneous.

Applying the principles of these cases to the present case, as the record shows nothing to the contrary, we will intend, for the purpose of supporting the judgment, that at the trial it was shown to the court below that after the commencement of the action the plaintiff had obtained the possession of the property awarded to her by the judgment.

The judgment is affirmed.

McFARLAND, J., and DE HAVEN, J., concurred.