[Sac. No. 660.      Department One.—October 3, 1900.]

JAMES R. BLACK, Appellant, v. DAISY HILLIKER, Respondent.

CLAIM AND DELIVERY—FINDINGS—AGGREGATE VALUE OF PROPERTY.—In an action of claim and delivery, where the complaint alleged only the aggregate value of all the articles of property claimed, and they were returned to the defendant, in whose favor judgment was rendered, it was not necessary for the court to find the value of each article of the property claimed, but a finding of their aggregate value was sufficient.

ID.—OWNERSHIP OF DEFENDANT — CONFLICTING EVIDENCE — CHOICE OF ARTICLES BY PLAINTIFF.—A finding that the defendant was the owner and entitled to possession of the property claimed and demanded by the plaintiff, made upon conflicting evidence, cannot be reviewed upon appeal; and in view of such finding, the plaintiff has no right to choose to retain any part of the articles replevied and to pay to defendant the value thereof.

NEW TRIAL—SETTLEMENT OF STATEMENT—ALLOWANCE OF AMENDMENTS—FAILURE TO GIVE NOTICE—JURISDICTION.—The failure of the party moving for a new trial to give notice of the settlement of the statement and proposed amendments thereto, or to give express notice of his adoption or rejection of the proposed amendments, operates as an admission that the amendments are to be allowed, and cannot deprive the judge of jurisdiction to settle the statement as so amended, upon the basis of the adoption of the proposed amendments by the moving party.

ID. —RECOVERY BY DEFENDANT— RETURN OF PROPERTY— DAMAGES. —
Where the property claimed was not delivered to the plain-
tiff, but returned to the defendant, and there is no proof that
the defendant expended any time or money in the pursuit
of the property, the defendant recovering judgment is not
entitled to recover any damages either for the taking and with-
holding of the property under section 667 of the Code of Civil
Procedure, nor for the conversion thereof under section 3336
of the Civil Code. Both of those sections are inapplicable in
such case.

ID.—COUNSEL FEES FOR DEFENSE OF ACTION.—The defendant is not en-
titled to recover as damages the services rendered by counsel
to appear for and represent the defendant generally in defend-
ing the action.

APPEAL from a judgment of the Superior Court of Yolo
County and from an order denying a new trial. A. J. Buckles,
Judge presiding.

The facts are stated in the opinion of the court.

R. Clark, and H. D. Gill, for Appellant.

Byron Ball, and Hudson Grant, for Respondent.

HARRISON, J.—Action of claim and delivery. The plain-
tiff brought this action to recover from the defendant the pos-
session of certain personal property or its value. Upon the
commencement of the action, under his direction, the property
was taken by the sheriff from the possession of the defendant,
and within five days thereafter and before its delivery to the
plaintiff, the sheriff, upon the execution to him by the defend-
ant of a proper undertaking therefor, returned the property to
her. In her answer to the complaint defendant denied its
allegations and alleged ownership in herself of the property
and the right to its possession. The cause was tried by the
court without a jury and judgment rendered in favor of the
defendant, from which, and an order denying a new trial, the
plaintiff has appealed.

1. The objection on the part of the respondent to any con-
sideration of the statement of the case must be overruled.
The failure of the plaintiff to present the statement to the
judge for settlement within ten days after the receipt from

the defendant of her proposed amendments did not deprive the judge of the power to settle the statement as so amended. (*Pendergrass v. Cross*, 73 Cal. 475.) It does not appear from the record that the plaintiff ever gave to the defendant any notice whether her amendments were adopted or rejected, until after the defendant's counsel had himself taken steps for its settlement. It was not necessary for him to give notice that he adopted her amendments, and his failure to give any notice in reference thereto was of itself an admission that they were to be allowed. The subsequent settlement of the statement by the judge, by the adoption of the defendant's proposed amendments, was in all respects equivalent to the procedure authorized in section 659 of the Code of Civil Procedure, when the proposed amendments are adopted by the moving party; and it could have been so settled without any express notice from the plaintiff that he adopted the amendments.

2. The finding of the court that the defendant was the owner and entitled to the possession of the property was made upon the consideration of conflicting evidence, and cannot be reviewed. It was not necessary for the court to find the value of each article of property. The plaintiff had alleged in his complaint only the aggregate value of all the articles, and, as all of the property was returned to the defendant, the finding of the court of its aggregate value was all that was required. The claim of the appellant that he had the right to retain such articles as he might choose, and pay to the defendant the value thereof, notwithstanding the court found that she was the owner, cannot be sustained upon any principle of law.

The claim of the appellant that the judgment awards to the defendant certain articles of property for which the plaintiff did not sue is not sustained by the record. The court, after enumerating the articles of which it finds the defendant to be the owner, also finds that "the said property is the property claimed and demanded by the plaintiff," which was taken from her by the sheriff at the instance of the plaintiff.

3. The court found that the defendant had employed attorneys to appear for and represent her in the action, and had become liable to them for their services so rendered in the sum of three hundred dollars. It also found that she had been

damaged in the sum of three hundred dollars, by reason of the wrongful taking of the property from her, and in addition to giving judgment for the possession of the property, awarded a judgment in her favor against the plaintiff, for damages in the sum of three hundred dollars.

There was no evidence of any damage sustained by the defendant from the wrongful taking of the property, other than her liability for compensation to the attorneys employed by her in the action. Section 667 of the Code of Civil Procedure provides: "If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same." As the property was not delivered to the plaintiff, the provisions of this section have no application. Section 3336 of the Civil Code is also inapplicable, since there was no conversion of the property by the plaintiff, and the defendant did not show that she had expended any time or money in pursuit of the property. (*Murphy v. Mulgrew*, 102 Cal. 547.[1])

It is contrary to the general policy of the law that a plaintiff who is unsuccessful in his suit shall be mulcted in damages merely by reason of his failure to obtain a judgment. It is only in exceptional cases that the successful party in an action, either at law or in equity, is permitted to recover as a part of his damages the attorneys' fees paid by him. In *Asevado v. Orr*, 100 Cal. 293, we said: "The courts of the state are open to every citizen for the redress of his wrongs, and, unless he is at liberty to seek such redress without rendering himself liable in damages to the defendant in case he shall fail to establish his complaint, this right would, in many instances, be a barren privilege." In *Mitchell v. Hawley*, 79 Cal. 301, it was said: "The allowance of counsel fees in suits on injunction bonds, and in one or two other actions of a kindred character, is exceptional; and it should not be carried beyond the point to which former decisions have taken it." The rule thus stated has been strictly followed. (*Spooner v. Cady*, 44 Pac. Rep.

---

[1] 41 Am. St. Rep. 200.

1018; *San Diego Water Co. v. Pacific Coast S. S. Co.,* 101 Cal. 216; *Curtiss v. Bachman,* 110 Cal. 433.[2]) Even in cases of injunction the defendant is not permitted to recover, as part of his damages, the fees paid to his .attorney for defending the action (*Bustamente v. Stewart,* 55 Cal. 115); and if it appear that the judgment was for services rendered generally in the case, he cannot recover therefor. (*Lambert v. Haskell,* 80 Cal. 611.) As the evidence and finding in the present case are that the employment of the attorneys by the defendant, and the services rendered by them, were "to appear for and represent her in the action," the court erred in awarding her damages for the value of the services so rendered.

The superior court is directed to modify. its judgment by striking therefrom "the sum of three hundred dollars ($300) damages" awarded to the defendant, and as so modified the judgment and order will stand affirmed.

Garoutte, J., and Van Dyke, J., concurred.