[L. A. No. 1104. Department One.—February 20, 1904.]

MIGUEL ERRECA, Respondent, v. MARIUS MEYER, Appellant.

CLAIM AND DELIVERY—JUDGMENT FOR VALUE WITHOUT ALTERNATIVE.—A judgment in claim and delivery that is not in the alternative form prescribed by section 667 of the Code of Civil Procedure is not void, and whether or not it is erroneous must depend upon the facts of the particular case. A judgment for the value of the property, without the alternative for recovery of possession, may be had where it is shown to the trial court that the judgment for its delivery would be necessarily unavailing.

ID.—DISPOSITION AND DAMAGE OF PROPERTY.—Where the trial court found that the defendant had disposed of at least nine elevenths of the property, and that the remainder was damaged and of little value, and that a delivery of the property cannot be had, the facts so found justify a judgment for the value of the property only; and the fact that a small portion of the property remains in the defendant's possession is immaterial.

ID.—CUSTODY OF LAW—ORDER OF COURT—FINDING.—*Held*, that under the facts of the case, and a finding that the defendant never held the property involved under an order of the court, a contention that he held it as custodian of the court, and that the property while in his possession was in fact in *custodia legis*, cannot be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Adcock & Reymert, for Appellant.

F. O. Daniel, and H. C. Head, for Respondent.

ANGELLOTTI, J.—This is an appeal, on the judgment-roll, from a judgment in favor of plaintiff in an action brought by him to recover the possession of certain personal property, to wit: two hundred and five tons of baled straw and fifteen tons of loose straw, or the value thereof, in case a delivery of the same could not be had. The amended complaint contained allegations to the effect that plaintiff was on August 28, 1899, and ever since has been, the owner of and entitled to the possession of said property; that defendant on or about September 12, 1899, without plaintiff's consent, wrongfully took possession thereof, and has ever since withheld said property from plaintiff's possession, although plaintiff has frequently demanded the return of the same; that at the time it was so taken by defendant it was of the value of eleven hundred dollars, but that defendant allowed the same to become damp and damaged to such an extent that it would not now sell for as much as before by six hundred dollars, but that except for such damage it would still be worth eleven hundred dollars. The trial court found the allegations of the amended complaint in relation to the ownership and right of possession of plaintiff, and the unlawful taking and retention by defendant, to be true. It further found that at the time of the taking, the property was of the value of eleven hundred dollars, but that it became damaged while in the possession of defendant, and that after the commencement of this action the defendant sold and disposed of all of said straw, "except a very small amount thereof, not exceeding forty tons, and the portion not sold or disposed of became, and was at the time of the trial, damaged and of little value." It further found that by reason of defendant's having sold and disposed of said straw, and converted the same to his own use, a delivery thereof to plaintiff cannot be had. As conclusions of law, the court found that plaintiff was entitled to judgment for the sum of eleven hundred dollars and costs, and judgment was entered accordingly, there being no provision therein for the return of the property.

Complaint is made that the judgment is not in the alternative form prescribed by section 667 of the Code of Civil Procedure, where it is provided that in an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or the value thereof, in case a delivery,

cannot be had; and that if the property has been delivered to the plaintiff, and defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had. It is well settled that under this provision the judgment must ordinarily be in the alternative for the possession of the property, or its value in case a delivery or return cannot be had.

A judgment that is not in the alternative is not, however, void, and whether or not such a judgment is even erroneous must depend upon the facts of the particular case. If, for instance, the plaintiff in such an action has already obtained the possession of the property before judgment, there is no occasion, in the event that he finally prevails, for any judgment for its value, "as the condition is wanting upon which such clause in the judgment is authorized, viz.: 'if a delivery cannot be had.'" (*Claudius* v. *Aguirre*, 89 Cal. 501, 504.) The same is true as to a judgment in favor of defendant, where the plaintiff has not taken possession of the property before judgment. The defendant has the property, and the condition upon which he can recover its value does not exist. In both of these cases, it is well settled that the judgment need not contain any provision for the recovery of the value in case a delivery cannot be had. (*Claudius* v. *Aguirre*, 89 Cal. 501, 504; *Caruthers* v. *Hensley*, 90 Cal. 559; *Black* v. *Hilliker*, 130 Cal. 190, 193.) This is for the reason that such a clause could not under such circumstances have any operative effect, or confer any right or protection upon either the plaintiff or defendant, and the failure to include it could not affect the substantial rights of either party. (*Claudius* v. *Aguirre*, 89 Cal. 501.)

For the same reason, a provision for the recovery of the possession of the property is not necessary where it is shown to the trial court that a judgment for its delivery would be necessarily unavailing. This has repeatedly been held by this court, and judgments for the value of the property, without the alternative for its delivery or return, have been affirmed.

In *Brown* v. *Johnson*, 45 Cal. 76, a judgment for the value, without any provision for the delivery of the property, was upheld. The appeal was on the judgment-roll alone, and this court said: "If at the trial of this action [replevin] it had distinctly appeared that the personal property had been hope-

lessly lost or had been destroyed, so that a judgment for its delivery would be necessarily unavailing, a failure to render judgment for its possession (under section 200 of the Practice Act) would, at most, be but a technical error or omission, and one for which we would not reverse the judgment. And in support of such judgment, where, as here, the record discloses nothing on the point, we will intend that the facts actually appearing below were such as to warrant its rendition." This case has been frequently cited with approval by this court. In *Burke* v. *Koch,* 75 Cal. 356, a judgment was given for the value of the property, found to be six thousand dollars, without any provision for the return of the property. The trial court found that the defendants had sold and disposed of a large portion of the property sued for. It was held that under these circumstances the court was not bound to find the character or value of the articles which could be returned or to enter a judgment in the alternative, and the judgment was affirmed.

In *Seligman* v. *Armando,* 94 Cal. 314, the property had been so intermingled with the goods of defendant that they were not distinguishable, and it was held that it was not necessary that the judgment should be in the alternative form. (See, also, *De Thomas* v. *Witherby,* 61 Cal. 92.[1]) In the case at bar it was found by the trial court that the defendant had disposed of at least nine elevenths of the property, and that the remaining two elevenths thereof was damaged and of little value, and that a delivery of the property to plaintiff could not be had. This finding, which upon the record before us is of course conclusive, brings the case within the rule announced in the cases already cited.

Some of the cases cited by defendant are not in point, and, as was held in *Claudius* v. *Aguirre,* 89 Cal. 501, the decisions of *Berson* v. *Nunan,* 63 Cal. 550, and *Brichman* v. *Ross,* 67 Cal. 601, cannot be regarded as authority for the reversal of this judgment.

The fact that a small portion of the property remains in defendant's possession is immaterial. (*Burke* v. *Koch,* 75 Cal. 356; *Whetmore* v. *Rupe,* 65 Cal. 237.)

There is nothing in the contention of defendant that he held this property "as a custodian of the court," and that

---

[1] 44 Am. Rep. 542.

such property while in his possession was in fact in *custodia legis.* This contention is based upon certain facts alleged in the answer and established by the findings. The plaintiff, prior to the unlawful taking of the property, commenced an action against the defendant, who was his landlord, for damages done to his grain, straw, etc., by animals of defendant allowed by him to trespass on the leased lands, and for an injunction to prevent further trespasses. In that action a temporary injunction was granted, which injunction was, subsequent to the unlawful taking of the property, and against the opposition of plaintiff, modified. The order of modification dissolved the injunction against defendant ''except as to allowing'' the animals to damage or destroy the straw, and directed that ''said injunction be modified so as to permit said defendant Marius Meyer to take possession of said rancho, and to graze and cultivate the same, and that said Marius Meyer be required to place said straw in a safe inclosure and protect the same from injury or destruction by his said sheep or other animals, and house said straw in his sheds or barn until the further order of this court.''

It is upon the quoted portion of the modification order that defendant relies to support his claim that he held the property here involved under order of court.

Assuming that the straw spoken of in the order is the same property involved in this action, it is manifest that the court in that action was not attempting to take possession thereof or deprive plaintiff of his property, but was simply prescribing the terms upon which Meyer should be allowed to use the land for grazing purposes. The direction was inserted solely for the purpose of protecting plaintiff's property during the time Meyer used the land, and while the property remained thereon, and in no degree purported to authorize Meyer to retain such property.

The trial court found that defendant never held the property here involved under said order. This finding entirely disposes of his contention.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.