[Civ. No. 459. First Appellate District.—September 10, 1908.]

HOUGHTON COMPANY, a Corporation, Respondent, v. J. W. KENNEDY and W. S. KENNEDY, Appellants.

CLAIM AND DELIVERY—OWNERSHIP OF PROPERTY—BILLS OF SALE—CONFLICTING EVIDENCE AS TO TITLE—SUPPORT OF FINDING FOR PLAINTIFF.—In an action of claim and delivery, in which plaintiff claimed title under a bill of sale from one of the defendants appearing to be in possession of the property when it was executed, which bill of sale was broad enough to cover all of the property claimed, and the other defendant, a son of such vendor, claimed title under a prior bill of sale from him of the same property, which was claimed to be sham, and fraudulent and void as to plaintiff as a *bona fide* purchaser, for want of actual delivery and continued change of possession, where the evidence was so conflicting that the court might have found the title in favor of either party, its finding for the plaintiff cannot be disturbed.

ID.— EVIDENCE JUSTIFYING DIFFERENT CONCLUSIONS — PROVINCE OF TRIAL COURT.—Where the evidence and circumstances are such that

different conclusions might well be drawn by different minds, what the actual facts were was matter to be determined by the trial court; and this court cannot interfere with its determination.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

J. P. Bernard, and Francis C. Huebner, for Appellants.

Frank H. Short, and F. E. Cook, for Respondent.

HALL, J.—This is an action in claim and delivery to recover possession of certain property taken from the possession of plaintiff by defendants. The property sued for consists of an engine and boiler, a bunk-house, shafts and piping, fencing, sheds, a Howe scales and a centrifugal pump.

Plaintiff recovered judgment for the possession of all of said property, and defendants have appealed to this court from the judgment and the order denying defendants' motion for a new trial. The only point relied on for a reversal of either the judgment or the order is the insufficiency of the evidence to sustain the findings of fact that at the time of the bringing of the suit plaintiff was the owner and entitled to the possession of the property sued for.

Inasmuch as the appeal was not taken from the judgment until more than six months after the entry thereof, it cannot be considered. (Code Civ. Proc., sec. 939.) This is of no practical importance, however, as the point relied on is fully presented by the appeal from the order denying the motion for a new trial, the reversal of which would have the effect of vacating the judgment.

All of the property at one time belonged to defendant J. W. Kennedy. Plaintiff claims to have received title to the property in dispute from said J. W. Kennedy in April, 1905. It is insisted by defendants that the property in dispute was never transferred or sold to plaintiff by defendant J. W. Kennedy, and it is also claimed that prior to the alleged transfer and sale to plaintiff by J. W. Kennedy all of the property sued for was sold by J. W. Kennedy to defendant W. S. Kennedy, and that he, by virtue of such sale, was the owner

thereof and entitled to the possession thereof when this action was brought.

We shall first take up the contention that the property sued for was never transferred or sold by defendant J. W. Kennedy to plaintiff.

On the first day of October, 1901, J. F. Houghton (the predecessor in interest of the Houghton Company) leased to defendant J. W. Kennedy certain real and personal property. Said defendant became greatly indebted to plaintiff, for which plaintiff held notes of said defendant, and in April, 1905, said defendant had a settlement with plaintiff, whereby plaintiff released said defendant from his obligations under said lease and delivered up and canceled the notes of said defendant held by plaintiff. In consideration thereof and of said settlement defendant J. W. Kennedy and his wife executed to plaintiff a deed dated April 18, 1905, conveying with other lands all of block 8 in the townsite of Rolinda, Fresno county, together with the appurtenances and improvements thereon and connected therewith. They also executed and delivered to plaintiff a bill of sale, of the same date, in the words following, to wit:

"This is to certify, that for value received, the undersigned, J. W. Kennedy and Margaret Kennedy, his wife, have assigned, transferred and delivered unto the Houghton Company, a corporation, all of their right, title, estate, claim or interest in or to all of the following described personal property, and appurtenances to real estate, to wit: All of the fences and buildings of every description, and all engines, pumps, appurtenances and pipe-lines, scales, watering troughs and other property and appurtenances of like character and description, all situated upon or connected with the lands and property described in a certain lease between J. F. Houghton and J. W. Kennedy dated October 1st, 1901, and the lands and property described in a certain trust deed from said J. W. Kennedy and wife to W. B. Houghton and H. F. Gordon, trustees for J. F. Houghton, dated the 15th of December, 1898, and recorded in volume 220 of Deeds, page 430 et seq., Fresno County Records;

"Together with and including all of the connections and appurtenances used in connection with said property situated upon said lands, or in the vicinity thereof, including any such property situated upon or extending through or under the

townsite of Rolinda, or through or under the streets, roads or highways thereon, or in the vicinity thereof. . . .''

Said Kennedy and his wife, by the terms of the bill of sale, warranted the property transferred to be free and clear of all liens or encumbrances made or permitted by them or either of them. The trust deed mentioned described said block 8 of the townsite of Rolinda.

At the time of the execution of the bill of sale, and for some time prior thereto, a dairy and a slaughtering and butcher business were conducted on the premises described. Both defendants vacated the premises at or shortly after the settlement effected between plaintiff and J. W. Kennedy, and the same and all the property now in dispute seems to have been taken possession of by plaintiff, and so remained, without any claim being made thereto by either defendant, until the latter part of the following August, when defendants forcibly took possession of the property now in dispute.

Appellants first take up the ownership of the Howe scales and certain fencing, making a chute through which to run cattle, from the scales to the slaughter-house. It is not contended that these scales and fencing were not situated upon block 8. They are, therefore, clearly within the terms of the bill of sale which assigns ''all of the fences, . . . scales, . . . upon or connected with'' said block 8.

The bill of sale was not intended to convey only such property as was appurtenant to the real estate. Such property passed under the deed of block 8 executed at the same time. The bill of sale, in terms, clearly passed all strictly personal property situated upon block 8. Appellants, however, point to certain testimony given by defendant J. W. Kennedy to the effect that he had by oral agreement, with Chittenden, the representative of plaintiff, reserved the scales, and insist that this evidence was not contradicted. Passing the objection to this argument, that such evidence was clearly an attempt to modify and contradict the unambiguous terms of a written agreement, we think the evidence of Mr. Chittenden does in effect contradict such evidence. He had given evidence for plaintiff as to what took place between himself and J. W. Kennedy at the time referred to by said Kennedy, and as to what personal property he had agreed might be reserved and removed by J. W. Kennedy. It did not include any scales or fencing. Kennedy's own practical construction of the ver-

bal agreement seems to accord with this, for while he executed a writing at the time of the settlement, agreeing to remove his effects within three days, he never, under such agreement, attempted to remove the scales or fencing.

We think it equally clear that all of the other property in dispute is covered by the terms of the bill of sale. While some of it probably was not actually upon block 8, it was all in the immediate vicinity thereof, and all was upon the townsite of Rolinda, and all was used in connection with block 8, and the property situate thereon, and comes within the clause, "Together with and including all of the connections and appurtenances used in connection with said property situated upon said lands, or in the vicinity thereof, including any such property situated upon or extending through or under the townsite of Rolinda, or through or under the streets, roads or highways thereon or in the vicinity thereof." For instance, the boiler was in a shed or building situate on block 8. This boiler supplied steam to the engine, which operated the pump. The engine and pump were in a tank-house, which, though probably not on block 8, was in the street bordering block 8, and was connected with the shed containing the boiler—one wall serving for the two structures. The engine and pump forced water to a tank, from which water was conveyed through pipes to the dwelling-house on the premises and various watering troughs on the premises used to supply stock with water. There was no other engine on or about the premises. It is the only engine that could possibly have been designated by the words of the bill of sale "all engines." The language of the bill of sale is very broad and comprehensive, and we think the court was justified in concluding that all the property in dispute came within its terms.

Appellant's second general contention is that the evidence shows without conflict that, before the assignment relied on by plaintiff, J. W. Kennedy had, for a valuable consideration, sold all the property in dispute to W. S. Kennedy. Respondent makes answer to this contention that the evidence is sufficient to support the conclusion that no sale in fact took place, that the assignment relied on was never intended, as between J. W. Kennedy and W. S. Kennedy, to pass title at all, but that the transfer was a sham and merely colorable, and also that whatever sale or transfer did take place was not accompanied by an immediate delivery, nor followed by an actual

and continual change of possession, and was, therefore, void under section 3440 of the Civil Code, as against plaintiff, which it is claimed was a subsequent purchaser in good faith. While the evidence is such that the court might have found in favor of defendants' contention, we think there is sufficient in the record to justify the court in finding in favor of plaintiff as to either of the contentions of plaintiff. Where there is a conflict in the evidence, or where different conclusions as to the facts may fairly be drawn from the evidence and circumstances proved, this court cannot interfere with the determination of the trial court as to the facts. The transfer relied on by defendant took place on or about May 4, 1904. W. S. Kennedy is the son of J. W. Kennedy, and on said date, and for some time prior thereto, had been working for him on the premises. Both continued thereafter to work on the premises in carrying on the operations and business of the ranch. At the time of the alleged sale to W. S. Kennedy, the father was much indebted, some of the claims against him seeming to be considered by him as unjust. He continued actively to assist in the operations and business carried on at the ranch until the settlement with plaintiff without any compensation or any agreement for any compensation other than as stated by W. S. Kennedy, "We were to pay off these debts . . . to pay off all of his debts."

The bill of sale between J. W. Kennedy and W. S. Kennedy, although specifying many items, does not in terms mention any of the property now in dispute save "one engine and boiler." As is usual in cases of this character, the evidence and circumstances are such that different conclusions as to the facts might well be drawn by different minds. What the actual facts were was peculiarly a matter to be determined by the trial court. (*Claudius* v. *Aguirre,* 89 Cal. 501, [26 Pac. 1077].) No good purpose can be served by a detailed discussion of the evidence. It is sufficient to say that we think the court was justified in finding for plaintiff upon all the questions arising out of the alleged sale of the property in dispute to defendant W. S. Kennedy.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 8, 1908.