[Civ. No. 1272. Third Appellate District.—February 12, 1915.]

## GENEVIEVE BEGGS, Respondent, v. JOHN K. SMITH, Sheriff et al., Appellants.

CLAIM AND DELIVERY—PLEADING—INSUFFICIENCY OF COMPLAINT—FAILURE TO ALLEGE RIGHT OF POSSESSION AT COMMENCEMENT OF ACTION—CURE OF DEFECT BY ANSWER.—In an action in claim and delivery the complaint is defective where it fails to allege that the plaintiff was, at the commencement of the action, the owner and entitled to the possession of the property sued for; but the defect is cured by the answer where it denies that the plaintiff was the owner of the property at the time alleged in the complaint or "at any other time or at all."

ID.—SUFFICIENCY OF COMPLAINT.—In such a case, where the complaint alleged that the defendants wrongfully took from the possession of the plaintiff certain of her sole and separate property and they still wrongfully .retain and refuse to deliver to her the possession of said property and that they have taken the preliminary steps for the sale of the same to satisfy a judgment which in no way concerns or affects or has bound her to any obligation arising thereby or therefrom, the complaint, aside from the defect cured by the answer, is sufficient.

ID.—INJUNCTION—WHEN ERRONEOUS GRANTING OF NOT PREJUDICIAL.— An injunction in such a case to prevent the defendant sheriff and constable from selling the property to satisfy a judgment against plaintiff's husband was only incidental or ancillary to the main relief sought, that is the recovery by the plaintiff of the specific property, and where the plaintiff ultimately established her ownership and right to the possession of the property, the granting of a temporary and also a permanent injunction, even if improperly granted, in no respect prejudiced the rights of the defendants.

ID.—FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action in claim and delivery to recover the possession of personal property alleged to belong to the plaintiff and to have been wrongfully seized by the sheriff under a writ of execution issued on a judgment against plaintiff's husband, it is held that the findings that the plaintiff was not interested in or obligated by or upon such judgment, and that the property seized was plaintiff's separate property are supported by the evidence.

ID.—FINDING OF THREATENED IRREPARABLE INJURY—WHEN IMMATERIAL. Plaintiff having been awarded the specific property sued for by the judgment in such a case it is immaterial that the evidence does not support the finding that plaintiff would suffer irreparable injury unless defendants were restrained from selling the property.

ID.—RIGHT TO POSSESSION OF PROPERTY—ACTUAL POSSESSION UNNECESSARY.—To sustain an action in replevin plaintiff must show that he is entitled to the possession of the property although it is not essential that he should show that he ever had actual possession of it.

ID.—OWNERSHIP AND RIGHT OF POSSESSION—SUFFICIENCY OF EVIDENCE. It is held in this case that the findings as a whole, considered and construed in connection with the pleadings and issues, sufficiently show or warrant the inference that the plaintiff was the owner and entitled to the possession of the property described in her complaint at the time of the commencement of the action; but that later the failure to find upon that issue could not have prejudiced the defendants where the court found upon sufficient evidence that plaintiff's husband at no time owned or had any interest whatever in the property.

ID.—FAILURE TO FIND ON ISSUE—WHEN NOT PREJUDICIAL ERROR.—The rule is that a judgment will not be reversed on the ground of failure

to find on a particular issue where the want of such a finding is not prejudicial to the defendant.

ID.—FORM OF JUDGMENT—WHEN ALTERNATIVE UNNECESSARY.—Where it is made to appear in an action for the recovery of personal property that the possession of the specific personal property may be obtained or the property itself can be delivered to the party claiming it, failure to make the judgment alternative in form is not erroneous, the purpose of the provisions of section 667 of the Code of Civil Procedure being that, if the plaintiff, after obtaining judgment for the possession of the property, is unable to obtain a delivery of it, he may, in the same action, have a judgment for its value.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

E. J. Dole, for Appellants.

W. H. Early, for Respondent.

HART, J.—This is an action in claim and delivery and, incidentally, for an injunction to prevent the defendants from selling or disposing of the personal property described in the complaint.

The plaintiff was awarded judgment, restoring to her the possession of the property in dispute and enjoining the defendants from "interfering with or selling or advertising for sale the said personal property or any part thereof."

This appeal, supported by a bill of exceptions, is prosecuted by the defendants from said judgment.

The defendants, Smith and Rasmussen, are, respectively, sheriff of the county of Sonoma and constable of Petaluma township in said county.

The complaint alleges that the plaintiff was, on the third day of September, 1913, the owner and entitled to the possession of twelve hundred laying hens, she having, previously to said date, "purchased the same with her separate funds and money from her separate estate"; that, at the time mentioned, said hens were "located on that certain lot, piece or parcel of land commonly known as the 'Isaac Kuffel Place,' . . . in Petaluma Township, in Sonoma County," etc., and that, on said day, the defendants, for the purpose of satisfying a judgment theretofore given and entered against one

William P. Beggs and in favor of the defendant, Rauer's Law
and Collection Company, by the superior court of the city
and county of San Francisco, and by virtue of a writ of exe-
cution issued by the clerk of said court on said judgment,
entered upon the lands and premises above referred to, and,
"without the plaintiff's consent, wrongfully took said above
described personal property from the possession of the plain-
tiff, and the defendants still withhold the possession thereof
from the plaintiff." It is averred that the plaintiff "is not
obligated on the said judgment or any part thereof, and does
not owe said judgment or any part thereof, and was not a
party interested in the said action between defendant, Rauer's
Law and Collection Co., a corporation, and said William
P. Beggs." It is further alleged that the defendant sheriff
and the defendant constable, at the request and upon the
direction of the other defendants, commenced, on the said
third day of September, 1913, to advertise said personal prop-
erty for sale, "and did proceed to sell the same, and will sell
and dispose of the same to satisfy the alleged claim aforesaid
of the said . . . Collection Company . . ., against the said
William P. Beggs, unless restrained and prevented and en-
joined from selling and disposing of the property by an order
of this court."

The complaint declares that, after the personal property
was so taken from her possession, the plaintiff demanded pos-
session and re-delivery of the same to her, but that the de-
fendants refused to surrender or re-deliver said property to
her, and that ever since the defendants have retained and
still hold and retain possession of the said personal property,
"against the will, wishes and consent of this plaintiff, and
without any right so to do."

It is alleged that the said William P. Beggs did not, on the
third day of September, 1913, or at any other time, have any
interest in or ownership of said personal property or any
part thereof, but that the plaintiff was at all times, "hereto-
fore and now," the sole owner of the same; that the plaintiff
uses and employs said hens as the sole and only means whereby
she has earned and does earn her livelihood and that "the
income derived therefrom is needed and necessary for the
plaintiff to support and maintain herself in the conduct of
her poultry business."

The plaintiff prays for the recovery of said personal property and for an injunction preventing the defendants from in any manner interfering with or advertising it for sale, or, in case a re-delivery of the said property cannot be had, for a judgment for the sum of one thousand two hundred dollars, the alleged value thereof, and five hundred dollars as damages for the wrongful taking and detention of the same.

A demurrer to the complaint upon both general and special grounds was overruled.

The special grounds of the demurrer involve the objection that the complaint is uncertain and ambiguous in certain particulars, pointed out therein.

The defendants, Smith and Rasmussen, in a joint answer, defend by alleging that the property was seized by them, as sheriff and the latter's deputy, respectively, under the writ of execution above referred to; that said sheriff placed the plaintiff in charge of the property as the keeper thereof for him as such officer; that, thereafter, the plaintiff demanded the release of said property and the return of the same to her possession; that the sheriff thereupon notified the defend-· ant, collection company, of said demand, and demanded from it indemnification as provided by section 699 of the Code of Civil Procedure, and that said company thereupon executed an indemnity bond in the sum of one thousand four hundred dollars in favor of said sheriff; that, upon so being indemnified, said sheriff at once took the necessary steps to sell said property, advertising it for sale under and by virtue of the power vested in him so to do by the said writ of execution.

The other defendants, joining in an answer for themselves, denied the material allegations of the complaint and alleged that the plaintiff, at all times mentioned in the complaint, was and is the wife of William P. Beggs; that the latter and the plaintiff, at all of said times, "were and now are living together as husband and wife upon the property described in plaintiff's complaint as the 'Isaac Kuffel Place,' that said defendants are informed and believe, and basing this allegation upon that ground, allege the fact to be, that said personal property, to wit: 1200 laying hens, were purchased as and for community property and for the benefit of said community and that the same is community property of the said William P. Beggs, and that the same is liable for the debts

of the said William P. Beggs and that the said plaintiff has no right, title or interest therein or thereto.''

The first point in support of the appeal is that the court erred in its order overruling the demurrer.

The complaint is, perhaps, wanting in the statement of a cause of action in claim and delivery in that it does not appear to contain a direct averment, essential in a complaint in such an action, that the plaintiff was, at the time of the commencement of the action, the owner and entitled to the possession of the property sued for. The general demurrer, for this reason, should perhaps have been sustained. But the answer, we think, cured the defect thus pointed out in the complaint by its denial that the plaintiff was the owner of the property on the third day of September, 1913, or ''at any other time or at all,'' whereby the plaintiff's ownership and the right to the possession of said property at the time the complaint was filed was made one of the issues submitted for trial.

And, aside from the defect above mentioned, the complaint is not amenable to the criticism that it is uncertain and ambiguous. Treating the omission referred to as having been supplied by the denials or allegations of the answer, the complaint may then be said to contain, in orderly sequence, and in plain and clear language, a cohesive narration of facts from which it is to be readily inferred that the defendants wrongfully took from the possession of the plaintiff certain of her sole and separate personal property, that they still wrongfully retain and refuse to re-deliver to her the possession of said property and that they have taken the preliminary steps for the sale of the same to satisfy a judgment which in no way concerns or affects or has bound her to any obligation arising thereupon or therefrom.

The injunctive relief asked for and which was allowed by the court was and is only incidental or ancillary to the main relief sought by the action, viz.: to obtain the return of the specific property alleged to have been wrongfully seized.

Whether the complaint states sufficient facts to have authorized the granting of a temporary restraining order or an injunction *pendente lite* or any injunction whatever, is a question which we regard as unnecessary to consider, for the judgment is an adjudication that the ownership of and the right to the possession of the property in dispute are in the

plaintiff, and if said judgment is supported by the findings, as undoubtedly it is, and they in turn are sustained by the evidence, the effect of the injunction, even if erroneously granted, has only been to facilitate the accomplishment of the primary object of the action, viz.: the recovery by the plaintiff of the specific property to which she is justly and legally entitled. In other words, the temporary injunction merely had the effect of keeping the property intact and in a condition whereby its specific recovery was made certain in case the plaintiff established her ownership of the property and the right to its possession. As before stated, the injunction constituted a remedy only in aid of the primary purpose of the action, and, since it transpires that the plaintiff established her right to the property, the injunctions, both the temporary and permanent, assuming that they were improperly granted, in no respect prejudiced the rights of the defendants.

It is next contended that the findings do not derive sufficient support from the evidence. An examination of the evidence has not led us to that conclusion.

The testimony shows that the judgment against William P. Beggs, to satisfy which the property in dispute was attached, was obtained by the defendant, collection company, in the superior court in and for the city and county of San Francisco on a claim wholly incurred by Beggs some time before the fire and earthquake in said city in the year 1906. William P. Beggs testified that the plaintiff never at any time was indebted to the collection company and was in no manner or measure concerned in or obligated upon the claim upon which said judgment was founded. He further testified that the personal property in dispute was purchased by the plaintiff with money which she had obtained from her father's estate and that he did not contribute anything toward paying for the property. He also said that the "Kuffel place," on which the property was located at the time it was taken by the defendants, was leased and the rent therefore paid by the plaintiff out of her separate funds, obtained from her father's estate. The lease to said land was, he said, in his name, but this was owing to the fact that the owner of the premises declined to give the plaintiff the lease because he was opposed to doing business with a woman, and so he (Wm. P.), acting for his wife, took the lease in his name, she paying the rent. Beggs continued to say that he lost every-

thing he had in the San Francisco fire of 1906, that thereafter his health became greatly impaired and that he had since lived part of the time on his mother's ranch and part of the time with the plaintiff on the Kuffel place.

The plaintiff corroborated her husband in all the important particulars of his testimony. She, too, declared that the property described in her complaint was purchased by her with her own money, having received said money from the estate of her father, and that her husband, William P. Beggs, had no interest whatever in said property. She said that she gave her individual check, drawn on her separate funds in the Sonoma County National Bank, to the party from whom she purchased the hens, in payment therefor. This check was received in evidence.

George P. McNear, a witness called in behalf of the defendants, testified that he had had business relations with the plaintiff and her husband; that he loaned them money and sold them grain on credit; that the credit was extended to the plaintiff; that the book account was opened entirely on the credit of Mrs. Beggs (plaintiff); that "Mr. Beggs had failed in business before that time and had nothing." He further testified that the plaintiff had an interest in her father's estate and "had been getting advances from the estate right along."

The foregoing brief summary of the testimony is quite sufficient to show that the findings that the plaintiff was not interested in or obligated by or upon the judgment in favor of the defendant, collection company, and against William P. Beggs, and that the property described in the complaint and upon which the sheriff levied the writ of execution was her separate property, are amply supported.

It is conceded by the plaintiff, however, that neither the testimony nor the findings support the judgment as against the defendants, Rasmussen, Rauer, and Graf.

Rasmussen was merely shown to have been a deputy under the defendant, sheriff, at the time of the levy, and that whatever part he took in the seizing and taking the property from the possession of the plaintiff was only in assisting his principal in the execution of his official duty respecting the writ. In other words, the acts of Rasmussen in the execution of the writ were merely those of a deputy sheriff and as such those of the sheriff himself. And the finding relative to Rasmus-

sen's part in the transaction goes no farther than the testimony thereon, as indicated, and it is wholly insufficient to support any judgment against him.

As to the defendants, Rauer and Graf, it is to be remarked that the complaint connects them with the taking of the property by the allegation only that the sheriff, upon attaching or seizing the property under the writ, delivered it into the possession of the defendants, collection company, Rauer and Graf. But there is no testimony which supports that allegation, so far as are concerned Rauer and Graf. Indeed, there is no testimony connecting or tending to connect Rauer and Graf, as individuals, with the taking and detention of the property in dispute. And, although the answer of those defendants denies that the sheriff "delivered the said property into the possession of any of his codefendants," thus making a direct and material issue upon that proposition, the court failed to make any finding thereon as to the said defendants, Rauer and Graf. The judgment as to them, therefore, is without any support.

It is further objected that there is no evidence which supports the finding that unless the defendants are restrained from selling the property distrained, as, according to the complaint, they have threatened to and will do, the plaintiff will, by reason of such sale, suffer great and irreparable injury. This objection, if tenable, cannot, for reasons heretofore given as to the effect of the injunction under the circumstances of this case, be of any practical or advantageous avail to the appellants. The plaintiff, by the judgment, is awarded the specific property for which she sued, and, since, under the circumstances as shown here, the permanent injunction could do no more than the judgment itself could do, independently of the injunction, toward securing to her the actual possession of said property, it becomes immaterial whether it was granted or not, or having been granted, whether upon an unsupported finding.

It is next claimed that there is no finding that the plaintiff was the owner and entitled to the possession of the property at the time of the commencement of the action. It is undoubtedly the law that, to sustain an action in replevin, the plaintiff must show that he is entitled to the possession of the property, although it is not essential that he should show that he ever had actual possession of it. (Wells on Replevin, sec.

94; Cobbey on Replevin, secs. 96, 100; *Cardinell* v. *Bennett,* 52 Cal. 476; *Fredericks* v. *Tracy,* 98 Cal. 658, [33 Pac. 750] ; *Garcia* v. *Gunn,* 119 Cal. 315, 317, [51 Pac. 684].)

In this case, the findings follow the averments of the complaint, which, as seen, alleged that the plaintiff "is now, and on the 3rd day of September, 1913, was the owner of and entitled to the possession of the following personal property," etc.; "that, on said 3rd day of September, she was in the actual possession and control of said twelve hundred laying hens," etc.; that said defendants, Smith and Rasmussen, on said third day of September, wrongfully took said described property from the possession of the plaintiff, and said sheriff still wrongfully withholds the possession thereof from the plaintiff; that, ever since said date, said Smith and Rasmussen have kept and retained and do keep and retain possession of said property "against the will, wishes and consent of the plaintiff, and without any lawful right so to do; that said William P. Beggs did not, on the 3rd day of September, 1913, or at any other time have any right, title, interest, estate, lien, or claim in or to the said personal property, and each and every part thereof is now and was on the 3rd day of September, 1913, the separate property of the plaintiff and that she was the sole owner of said personal property," having purchased the same with her separate funds, etc.

Substantially, in the foregoing language, the court made its findings as to the plaintiff's ownership of and right of possession to said property, and in addition thereto, made the following finding: "That all the allegations of plaintiff's complaint not inconsistent with the foregoing findings are true; that all of the allegations of the answers on file herein inconsistent with the foregoing findings are untrue."

The defendants, as seen, denied that the plaintiff was the owner of the hens on the third day of September, 1913, or "at any other time or at all," and alleged that they constituted the community property of William P. Beggs and were liable for his debts.

Thus, as before stated, the question whether the plaintiff was the owner of the property at the date of the commencement of the action was put in issue and tried, and, assuming that the specific findings do not quite measure up to a conclusion of fact that the plaintiff was the owner and entitled to the possession of the property at the time of the commence-

ment of the action, the general finding certainly does, for it directly negatives the denial of the answer (which in reality amounts to an allegation that she was not the owner of or entitled to the possession of the property at said time) that the plaintiff was such owner or entitled to such possession when the complaint was filed.

"It is a well-settled rule that the findings of fact made by the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon." (*Paine* v. *San Bernardino etc. Co.*, 143 Cal. 654, 656, [77 Pac. 659] ; *Pacific States Corporation* v. *Arnold*, 23 Cal. App. 672, 674, [139 Pac. 239] ; *Ballou* v. *Sunflower Gold Min. Co.*, 165 Cal. 557, 559, [132 Pac. 1036].)

We think the findings, as a whole and considered and construed in connection with the pleadings and the issues, sufficiently show or warrant the inference that the plaintiff was the owner and entitled to the possession of the property described in her complaint at the time of the commencement of the action.

But, even if this be not true, it must become obvious, upon the most casual reflection, that the failure to find upon that proposition cannot in any manner or degree prejudice the defendants. The only claim vital to the defendants in the action and upon which the right to dispute the plaintiff's ownership and right to the possession of the property alone rested was that William P. Beggs was an owner of the property at the time it was taken possession of by the sheriff, and that it could, therefore, be subjected to the satisfaction of the judgment subsisting against him alone. The court explicitly found, upon sufficient evidence, that William P. Beggs at no time owned or had any interest whatsoever in said property, and, therefore, whether the plaintiff was or was not the owner and entitled to the possession of the property at the time this action was instituted, is wholly immaterial, so far as the defendants are concerned. In other words, the court having found that William P. Beggs, a judgment against whom was sought by the defendants to be satisfied by a seizure and sale of the property, never at any time owned or had any interest therein, failure to find that the plaintiff was the owner and entitled to the possession of said property at the time of the commencement of the action would manifestly be of no assistance or importance to the defendants.

The rule, as enunciated in the cases, is that a judgment will not be reversed on the ground of failure to find on a particular issue where the want of such a finding is not prejudicial to the defendant. (*McCourtney* v. *Fortune,* 57 Cal. 617, 619; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504].)

The only one of the remaining points requiring notice involves the contention that the judgment is fatally defective in that it is not in the alternative. This contention is based upon section 667 of the Code of Civil Procedure, which, among other things, provides that "in an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention." This is, of course, the general rule as to such actions, but it has often been held that, where it is made to appear in actions for the recovery of personal property that the possession of the specific personal property may be obtained or the property itself can be delivered to the party so claiming it, failure to make the judgment alternative in form is not erroneous. (*Claudius* v. *Aguirre,* 89 Cal. 501, 504, [26 Pac. 1077]; *Erreca* v. *Meyer,* 142 Cal. 308, 310, [75 Pac. 826].)

In *Claudius* v. *Aguirre* it is said: "The evident purpose of this provision (sec. 667, above quoted from) is that, if the plaintiff, after obtaining judgment for its possession, is unable to obtain a delivery of the property, he may, in the same action, have a judgment for its value. The primary object of the action is to recover the possession of the property. (*Whetmore* v. *Rupe,* 65 Cal. 238, [3 Pac. 851].) But, if the plaintiff has already obtained this possession before judgment, there is no occasion for any judgment for its value, as the condition is wanting upon which such clause is authorized, viz.: 'If a delivery cannot be had.' "

*Erreca* v. *Meyer,* 142 Cal. 308, [75 Pac. 826], approved the foregoing language. It is there said: "A judgment that is not in the alternative is not, however, void, and whether or not such a judgment is even erroneous must depend upon the facts of the particular case." (See, also, *Caruthers* v. *Hensley,* 90 Cal. 559, [27 Pac. 411]; *Black* v. *Hilliker,* 130 Cal. 190, 193, [62 Pac. 481].)

It was admitted that the plaintiff never parted with the actual physical possession of the property in dispute, the sheriff having, upon attaching said property, placed her in the control

and possession thereof as his representative. It is true the legal possession, after the seizure, was in the sheriff, but the property nevertheless remained intact and in a situation where the possession of it by the plaintiff in her own right was readily obtainable by her under the judgment. It thus appears that the property sued for was susceptible of redelivery to the plaintiff, and, therefore, she was not entitled to recover from the defendants the value thereof. (*Etchepare* v. *Aguirre,* 91 Cal. 288, [25 Am. St. Rep. 180, 27 Pac. 668, 929].)

Conformably to the foregoing views, the judgment, as to the defendants, R. L. Rasmussen, J. J. Rauer, and R. J. Graf, is reversed, and as to the remaining defendants, J. K. Smith, as sheriff, and Rauer's Law and Collection Company, it is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 15, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 13, 1915.