[Civ. No. 3718.- Third Appellate District.—March 1, 1929.]

ANNA BONHAM, Respondent, v. PHILIPP LAUX et al., Defendants; I. S. CHAPMAN & COMPANY (a Corporation), Appellant.

Grant Holcomb for Appellant.

Best & Best, *Amici Curiae*, for Respondent.

FINCH, P. J.—The plaintiff brought this action to foreclose a mortgage on real estate executed by defendants Philipp Laux and Katie A. Laux as mortgagors. The defendant I. S. Chapman & Company filed a cross-complaint to foreclose a crop mortgage on the crop of citrus fruits

growing on the same land, executed by defendants Thomas C. Armstrong and Mary E. Armstrong as mortgagors. All the defendants except I. S. Chapman & Company failed to appear and their defaults were duly entered. The court made findings in favor of the plaintiff and entered judgment foreclosing her mortgage and directing the sale of the mortgaged land. No judgment was entered foreclosing cross-complainant's crop mortgage. The cross-complainant has appealed on the judgment-roll alone.

Appellant contends that judgment should have been entered in its favor foreclosing its crop mortgage. The record shows that defendants Thomas C. Armstrong and Mary E. Armstrong were duly served with summons directing them to appear and answer plaintiff's complaint and that their defaults were entered for their failure to appear. There is nothing, however, to show that summons was issued on the cross-complaint or served upon the Armstrongs as required by section 442 of the Code of Civil Procedure. The findings and judgment recite that the cross-complainant appeared "for the purpose of endeavoring to establish the priority of a certain chattel mortgage which was made, entered and filed with the county recorder . . . after the making and filing of the mortgage of the plaintiff herein." It must be presumed in support of the judgment, under the facts stated, that the court was without jurisdiction to enter any judgment against the Armstrongs in favor of the cross-complainant.

The court found "that defendant and cross-complainant I. S. Chapman & Company, a corporation, have a valid and subsisting chattel mortgage on all the fruit grown on said premises up and until the time of sale of the said premises under a decree of foreclosure of this court or until the plaintiff obtains possession of said premises under her mortgage." The decree of foreclosure adjudges "that from and after the date of the sale of premises hereinafter described or from and after the actual possession of said premises by the plaintiff, the right and lien of the plaintiff by virtue of her mortgage is adjudged to be superior and prior to any lien which defendant I. S. Chapman & Company, a corporation, may have on said premises or any of the fruit growing thereon by virtue of its chattel mortgage or otherwise."

■ Appellant contends that the lien of its crop mortgage was superior to that of the real estate mortgage on crops maturing during the period of redemption, citing 8 California Jurisprudence, 692, where it is said: "The owner in possession of mortgaged lands has the right to retain and harvest the crops grown and ripened pending the time of redemption." But the record in this case does not show that the Armstrongs were the owners or in possession of the land. They may have been lessees or vendees under a conditional sale contract, terminable upon their failure to pay the amount due the plaintiff or the sale of the land under foreclosure proceedings prosecuted on account of such failure. It is unnecessary to speculate as to what proof would justify the findings and judgment of the court. ■ "It is sufficient to say that in an appeal on the judgment-roll alone, "all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. . . . If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith." (*Caruthers* v. *Hensley,* 90 Cal. 559, 560 [27 Pac. 411].)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.