Christian, J.,
delivered the opinion of the court.
The controversy in this case arises between execution creditors and the personal representative of a mortgagee, and grew out of the following state of facts:
The appellees’ intestate, W. C. Tutwiler, residing in the county of Fluvanna, being the owner of a canal freight boat known as “ Cora Lee,” sold the Bame to *40 W. P. Cox, of the city of Richmond, for the sum of $975.
On the 31st of January 1871, Cox executed a paper-writing, in the nature of a mortgage, on said boat, to seeure the payment of the purchase money, in which it was stipulated that one-third of the purchase money should be paid “ in cash, which was to be paid when said boat was delivered, the residue upon six and twelve months’ credit, to bear interest from date in equal instalments.” It was further stipulated that, in default of prompt payment of the deferred instalments as they became due, Tutwiler should sell the boat after giving reasonable notice of such sale, and after paying the full amount of the balance due him, of principal and interest, he shall pay over the residue, if any, to W. P. Cox; and it was further expressly stipulated that the title to said boat should be retained in Tutwiler until the whole of the purchase money should'be paid. This paper being duly signed, sealed and acknowledged by Cox, was recorded in the county of Fluvanna, on the 27th of March 1871. It was also recorded in the office of the chancery court of the city of Richmond, but not until the 1st December 1871.
On the 16th June 1871, after the recordation of the mortgage in the county of Fluvanna, and before its recordation in the city of Richmond, Cox confessed judgments in favor of the appellants, Ducado and Jordan, for the sum of $583, and $300 respectively, which were duly entered up in the clerk’s office of the circuit court of the city of Richmond. Executions were issued on these judgments, and levied on the boat “ Cora Lee.”
Upon a bill filed by the administratrix of the mortgagee, and upon the pleadings and evidence in that case, the question presented to the chancery *41 ■court of the city of Richmond (and the question u \ x we now have to decide) was whether the mortgagee in the mortgage securing the purchase money, or the execution creditors, had the prior lien on the boat “ Cora Lee.” The chancery court was of opinion that the mortgage in favor of the plaintiff had priority over the executions in favor of the defendants, Lucado and Jordan;” and accordingly decreed, that unless the balance of the purchase money was paid by Cox, or some one for him, within thirty days from the date of the decree, that then the sheriff of the city of Richmond should take possession of the canal boat Cora Lee, and after ten days’ notice sell the same at public auction for cash, and report his proceedings to the said ■chancery court. From this decree an appeal was allowed by one of the judges of this court.
The court is of opinion that there is no error in the ■said decree of the said chancery court of the city of Richmond.
The recordation of the mortgage, in the county of Fluvanna, before judgments confessed by Cox, and in the city of Richmond within twelve months after the boat was removed to Richmond by Cox, was a sufficient compliance with the provisions of the fifth, seventh and eighth sections of chapter 114, Code of 1873, so as to affect creditors and subsequent purchasers with notice of the lien attaching to the boat for ■the payment of the purchase money.
The provision of the statute which declares that every deed of trust or mortgage conveying real estate or goods and chattels, shall be void as to creditors ■until and except from the time it is duly admitted to ■record “in the county or corporation wherein the property embraced in such contract or deed may be,” cer *42 cannot be said to mean, by any proper construetion, that the deed or mortgage must be recorded in that county or corporation where the chattel may happen to be at the moment the sale is consummated. ®sPeeia% would such construction be incongruous and absurd when applied to such a chattel as a canal boat, the very use of which makes its locomotion necessary. Ordinarily the locus of the .owner fixes the locus of the chattel. If it be temporarily out of bis actual possession and in another county or corporation,, it is still, in contemplation of law, in the county or corporation where the owner resides. The residence of the owner is the place where the property “may be’*' in contemplation of the statute, and it is there that the-mortgage is to be recorded. After the ownership is changed, and the property is removed to anothercohnty or corporation, then the mortgage must be-within twelve months recorded in that county or corporation, in order to affect creditors with notice.
In the case before us Tutwiler, the owner of the boat, lived in Fluvanna. The boat at the time of the-sale was plying on the canal between Scottsville and Richmond. The fact that the boat at the time of the-sale and mortgage was lying in the basin at Richmond, or was in motion on the canal, or lying at any of the landings in the several counties through which the canal passes, can make no difference. The locus of' the boat was then in Fluvanna, and that was the place under the statute for the recordation of the mortgage. After the boat was delivered to Cox at Richmond, or- . carried by him to Richmond, its locus became Riehi mond, and there the mortgage was to be recorded in Richmond within twelve months-. So that all the requisites of the statute were strictly complied with.
*43 The court is therefore of opinion that there is no error in the decree of the chancery court of the city of Richmond declaring that the mortgage in favor of the plaintiff had priority over the executions of the defendants, Lucado and Jordan: and that the same be ? ? affirmed.
Decree arrirmed.