## M. A. HARRIS v. ROBSON, BLACK & CO.

CODE 1880, § 1300.　*Transacting business.　Sign　Claimant's issue.　Instruction.*
　　On trial of a claim interposed by a wife for goods levied on in a store under execution against her husband, who she contends was merely her clerk in carrying on the business—there being no sign except " Alliance Store"— it is error to instruct that the goods are liable, if he " conducted" the business with no other sign. The error is in assuming that by *conducting* it, he " transacted business *in his own name ;*" or in announcing that conducting business, though in the *wife's name,* without a sign other than that stated, subjected the goods used to his debts under § 1300, code 1880. *Quinn* v. *Myles,* 59 Miss. 375 ; *Schoolfield* v. *Wilkings,* 60 Ib. 238.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

Appellees, Robson, Block & Co., had a judgment against E. S. Harris. On November 4, 1890, execution thereon was levied upon certain goods in a store at Deasonville, Yazoo county, Miss. The goods were claimed by M. A. Harris, wife of the defendant in execution, and an issue was made up and tried as to the right of property. On the trial there was testimony tending to show that the mercantile business in which the goods were used was trans-

acted by and in the name of M. A. Harris as owner, and that her husband, E. S. Harris, was merely a clerk in the store. The only sign at the place of business was "Alliance Store," which had been put up by a former owner.

On behalf of plaintiffs, it was contended that the defendant in execution, E. S. Harris, was transacting the business with no other sign than that stated above, and that under § 1300, code 1880, the property used in such business thereby became subject to his debts. It was also contended that the goods were in fact his, plaintiffs' evidence seeking to show that they were fraudulently purchased in the name of the wife; but it is not deemed necessary to state the facts as to this, since the whole case was made to turn upon the effect of § 1300, under the following instruction which was given for plaintiffs :—

"If the jury believe from the evidence that E. S. Harris, the judgment debtor, conducted the mercantile business at Deasonville from February 1, 1890, to the time when the levy was made on the stock of goods under execution, and if they believe from the evidence that there was no sign, except the sign 'Alliance Store,' and no sign showing that E. S. Harris was the agent of his wife, Mrs. M. A. Harris, the stock of goods levied on were liable to execution in favor of plaintiffs, and they must find in favor of plaintiffs in the judgment."

The jury found for plaintiffs, and judgment was entered accordingly, from which the claimant appealed.

Section 1300 of the code of 1880 is as follows :—

"If any person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' and 'company,' or 'and co.,' or like words, and fail to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name, without any such addition, all the property, stock, money, and choses in action, used or acquired in such business, shall, as to the creditors of any such person, be liable for his debts, and be, in all respects, treated in favor of his creditors, as his property."

*E. Drenning*, for appellant.

There is no proof that E. S. Harris was conducting the business as his own. Section 1300 of the code does not require a sign in any business. The substance of it is merely that under certain conditions the ostensible owner is to be treated as the real owner. *Bufkin* v. *Lyon*, *ante*, 255.

There is no proof that the defendant was the ostensible owner, or that his acts were anything more than those of a clerk. *Adams* v. *Berg*, 67 Miss. 234.

*E. E. Baldwin*, on the same side.

Section 1300 of the code could not apply, and the instruction of the court based upon it is erroneous. There is no law compelling a merchant to have a business sign ; nor is it the law that if he has no sign his goods are liable for the debts of his clerks.

Section 1300 was intended to prevent fraud. It prohibits the use of certain kinds of signs in certain states of case, but does not require a sign in any case. Here the sign indicated nothing as to who was proprietor, and no one could be misled by it.

*A. M. Harlow*, for appellees,

Filed a brief discussing the facts at length and contending that the case of *Adams* v. *Berg*, 67 Miss. 234, is not in point, and does not support appellant's position.

*W. S. Epperson*, on the same side.

The instruction given for plaintiffs is supported by the evidence, and is in harmony with the ruling of this court in *Evans* v. *Henley*, 66 Miss. 148, and cases there cited.

The jury found as a fact that the judgment debtor transacted the mercantile business of his wife, and that there was no sign at the place of business showing that he was her agent. On these facts, the property used in the business was liable for his debts under § 1300 of the code.

*Calhoon & Green*, on the same side.

Argued orally by *E. E. Baldwin*, for appellant, and *S. S. Calhoon*, for appellees.

COOPER, J., delivered the opinion of the court.

The controversy in this case is whether E. S. Harris, the execution debtor, was so transacting the mercantile business in which the goods seized were used as to subject them to execution for his debts.

By the instruction given for the plaintiffs, the jury was told that if it believed the defendant " conducted" the business, and that there was no other sign at the place of business than that of " Alliance Store," the verdict should be for the plaintiffs. This was erroneous, in that it either assumed that the defendant was by, " conducting" the business, " transacting business in his own name," or announced the proposition that conducting a business, *transacted in the name of his wife* under the sign of alliance store, would subject the property to his debts. *Quin* v. *Myles*, 59 Miss. 375 ; *Schoolfield* v. *Wilkings*, 60 Ib. 238.

*Reversed and remanded.*