# CHARLESTON.

## HUNDLEY *v.* CALLOWAY.

Submitted June 18, 1898—Decided Dec. 7, 1898.

1. CHATTTEL MORTGAGE.—*Removal of Property—Detinue.*

   R. executes a deed of trust on two mules to H., trustee, to secure Y. in the sum of one hundred and sixty-five dollars. The deed is recorded in R. County, November 23, 1895, the day of its execution. The property is removed to C. County, and the deed recorded there December 5, 1895. The property is removed to F. County, and the deed recorded there November 28, 1896. On November 30, 1896, action is brought by H., trustee, in detinue, for the mules, before a justice, in F. County, against C., who is in possession. At the trial the deed of trust is given in evidence, mules identified, possession is proven with C., and that one hundred dollars on the trust lien is still due and unpaid. H., the trustee, has shown superior title, and is entitled to recover, unless C. shows that he purchased the mules without notice, and for valuable consideration, without C. and R. Counties, three months or more prior to the recordation of the deed. (p. 519)

2. CHATTEL MORTGAGE.—*Detinue—Damages—Judgment.*

   In such case, if plaintiff establish his right to recover, the measure of his damages would be the amount proved to be due and unpaid on the trust lien, for which he should have alternate judgment against the purchaser. (p. 520).

Error to Circuit Court, Fayette County.

Detinue by G. W. Hundley, trustee, against A. N. Calloway. A judgment of a justice of the peace in favor of defendant was set aside by the circuit court on *certiorari,* and defendant brings error.

*Affirmed.*

ST. CLAIR, WALKER & DILLON, for plaintiff is error.

PAYNE & PAYNE, for defendant in error.

McWHORTER, JUDGE :

E. E. Runion conveyed by deed of trust, November 23, 1895, to G. W. Hundley, trustee, two mules, to secure to S. J. Young the payment of two notes, of sixty-five dollars and one hundred dollars respectively, which deed was recorded in Roane County on the day of its date.   The property was removed to Calhoun County, and said deed there recorded December 19, 1895.   On the 28th of November, 1896, it was recorded in Fayette County.   Two days thereafter (November 30th), the trustee, G. W. Hundley, instituted his action in detinue before Justice A. C. Barton, in Fayette County, against A. N. Calloway, for the possession of the two mules, describing them, and alleging their value at one hundred and twelve dollars and fifty cents each, summons returnable on the 5th day of December, 1896, on which day defendant, by counsel, appeared only for the purpose of quashing the summons and the return thereon, and made such motion, which was overruled, to which ruling the defendant excepted.   Defendant demanded a jury, which was summoned, impaneled, and sworn.   Evidence was adduced by the plaintiff, who introduced the deed of trust, showing the recordation thereof in the three counties of Roane, Calhoun and Fayette, as above stated, to the introduction of which defendant objected.   The objection was overruled, and defendant excepted.   S. J. Young testified that there was still due him on his debt secured by trust deed, one hundred dollars, with thirteen and one-third months' interest, and identified the mules in possession of defendant as the same conveyed in the trust deed, and stated that, according to his best information, the mules were removed from Calhoun County about the 1st of October, 1896, and that Runion took them out of the county; that he supposed the property came into the possession of the defendant about the 17th of October; that the property was with the show, and it was advertised to be at Fayetteville the 17th of October, and he supposed the defendant traded for them ; he had been told so.   Defendant, by his counsel, moved to exclude the answers of the witness in relation to when the property came to Fayetteville, and when defendant traded for it,

which the court overruled, and the defendant objected and excepted. Witness further stated, by permission of the court, over the objection and exception of the defendant, that the defendant said to him he did no, dispute their being the same mules. On cross-examination, witness said he could not give the date when he last saw the mules in Calhoun County; did not know of his knowledge the exact date of their leaving Calhoun County; said it had been pretty near a year since he (witness) had been in Calhoun County. Witness T. G. Walker testified on behalf of plaintiff, that the show was in Fayetteville in October; had seen the mules several times in defendant's possession since the show; never saw them in his possession before the show; and defendant told witness that he traded for them at that time. And this was all the evidence offered in the case. Defendant moved the court to strike out the evidence so offered, which motion was overruled; and defendant excepted to said ruling, and the jury returned a verdict for the defendant. Plaintiff moved to set aside the verdict, and grant him a new trial, for the reason that the verdict is contrary to the law and the evidence, which motion the justice overruled, and gave judgment for the defendant, to which ruling the plaintiff excepted. Plaintiff applied for, and secured from the circuit court of Fayette County a writ of *certiorari.*

On the 10th of March, defendant, by counsel, moved the court to quash the writ and return thereon, and the petitition filed in the case, on the ground that the writ of *certiorari* was improvidently awarded, for the reason that the justice did not err in overruling plaintiff's motion to set aside the verdict of the jury, and in refusing to grant him a new trial, which motion the court overruled, and held there was error in the record judgment of the justice, and set aside the said judgment and verdict, and granted plaintiff a new trial, and retained the case in the said circuit court for trial; to which rulings of the court the defendant excepted, and tendered his bill of exceptions, which was duly signed and saved to him, and defendant obtained from this Court a writ of error and supersedeas, assigning as error that, "in order to make out his case, it was necessary to prove that not more than three months

had elapsed from the date of the removal of the property from the county of Calhoun or the county of Roane next preceding the institution of the suit, or that the conveyance thereof had been on record in the county of Fayette within that period. There is no proof in the record to show that the property in question was removed from the county of Calhoun or the county of Roane within three months prior to the institution of the suit, and this must appear affirmative before the action can be maintained, since the deed does not appear to have been recorded in Fayette County until the 28th of November, 1896.'' By the deed of trust, the property being fully identified upon the trial, the plaintiff clearly showed himself to have the superior title, and entitled to recover possession of the same, unless the defendant showed his right by having purchased the property for valuable consideration, without notice, and without Calhoun and Roane Counties, three months or more prior to the 28th of November, 1896, the date of the recordation of said deed. The defendant did not attempt to show that he had any right whatever. He may have simply borrowed the mules from Runion or was bailee of Runion, the owner.

Defendant contends that, unless it was shown that the trust deed was recorded in Fayette within the period of three months from the time the mules were removed from Calhoun, then the defendant was a purchaser without notice of the existence of said lien. He failed to show that he was a purchaser at all. It is also contended that plaintiff, not having proved the value of the mules, was not entitled to recover because of the provision of section 6, chapter 102, Code, that the verdict shall be for the possession of the property claimed, if it can be had; if not, that he recover the value thereof as found by the verdict, While the plaintiff did not prove the value of the mules, he did prove the exact amount of interest he had in them, which amount paid to him by the defendant, or real owner of the mules, would have entitled him to hold them free from said trust deed. The plaintiff only held the legal title to the mules for the benefit of Young, and only to the amount of his lien upon them, and their value to him would be limited to the amount yet unpaid on his lien, as in *Chamberlin* v.

*Shaw*, 18 Pick. 283, where Shaw, C. J., rendering the decision of the court, says : ''If the case is so situated that the plaintiff can be indemnified by a sum of money less than the full value, there seems to be no reason why it should not be done, as where the plaintiff has a special property, subject to which the defendant is entitled to the goods. For instance, a factor has a lien on goods to half their value. The principal becomes bankrupt, and the property vests in his assignees, subject, of course, to all legal liens. The assignees, denying and intending to contest the factor's lien, get possession of the goods, and convert them. The factor brings trover, establishes his lien; and recovers. How shall damages be assessed? If he recover the full value of the goods, he will be responsible directly back to the defendants themselves for a moiety of the value. To avoid circuity of action, why should not damages be assessed to the amount of his lien? He is fully indemnified. The balance of the value is in the hands of those entitled to it, and the whole controversy is settled in one suit. If the plaintiff is responsible over to a third person, or if, for any cause, the defendant is not entitled to the balance of the value, a very different rule would prevail, and justice would require that the whole value of the property should be assessed to the plaintiff.'' When the plaintiff has only a special property in the thing sued for, as a pledgee, and not the absolute property, and it is shown on the trial what is the exact amount of his lien against the property, a verdict for that amount as alternate value would not be error. Nor would a verdict for the possession of the property without ascertaining the value be error, under the statute. *Brownell* v. *Hawkins*, 4 Barb. 491; *Chadwick* v. *Lamb*, 29 Barb. 518, 522 ; *Spoor* v. *Holland*, 8 Wend. 445; 2 Tuck. Comm. c. 6, p. 81    Plaintiff in error seems to have overlooked the last clause of section 6, chapter 102, which says: "If the verdict omit price or value, the court may at any time have a jury impaneled to ascertain the same." The circuit court did not err in setting aside the judgment and verdict, and retaining the case for a fair trial of the rights of the parties in that court, and the same is affirmed.

*Affirmed.*