# CHARLESTON.

### AUTO SALES COMPANY V. CLARENCE YOST.

Submitted September 12, 1922. Decided September 19, 1922.

1.  SALES—*Failure to Record Conditional Sale Contract Within Three Months in County Where Purchaser Removes Confers No Title on Subsequent Sale Superior to First Vendor.*

    The record of a lien or contract of sale with reservation of title until the purchase money be paid, is notice to all the world, and one who purchases the property removed into another county from one in possession thereof, within the three months given the lienor or such conditional seller to record such lien or contract acquires no right or title to the property superior to that of the one from whom he purchases the same, though such lien or contract be not subsequently recorded in the county to which the property was so removed. (p. 495).

2.  APPEAL AND ERROR—SALES—*Vendor May Recover Possession Under Conditional Sale, or, in Alternative Value and Damages; Appellate Court May Remand Cause Solely for the Purpose of Ascertaining Facts to Pronounce Judgment.*

    In a suit by the seller of such property who has reserved

91 W. Va.

the title and recorded his contract, against the purchaser thereof in another county, within the time given the seller to there record his contract, the plaintiff is entitled to recover the possession of the property, or in the alternative the value thereof, and damages, if any, for the unlawful detention thereof; and if the facts agreed and upon which the lower court tried the case do not cover the value of the property or the amount, if any, of such damages, this court on reversing the judgment of the trial court, and finding for the plaintiff, may remand the case to the circuit court solely for the purpose of ascertaining such value and damages and pronouncing judgment in accordance therewith. (p. 499.)

Error to Circuit Court, Wetzel County.

Suit by the Auto Sales Company against Clarence Yost. From a judgment for defendant, plaintiff brings error.

*Reversed and remanded.*

*T. M. McIntire* and *J. H. Brennan,* for plaintiff in error. *E. H. Yost,* for defendant in error.

MILLER, JUDGE:

The controversy involves the right and title of plaintiff, the seller, to a second hand automobile, sold and delivered by him to one Smalley in Marshall County, by contract in writing reserving title until all purchase money should be paid, and duly recorded in that county where the purchaser then resided and where the machine was then located, as against the impleaded defendant, who purchased the machine from Smalley in Wetzel County within a few days after its removal by him into that county, and within the three months given the seller by the statute to record such conditional sale or notice thereof in the county to which the property was so removed.

The agreed statement of facts shows that the purchase price of the automobile was $513.50; that before its removal into Wetzel County Smalley had paid down $230.19, and three of the deferred monthly payments, leaving a balance remaining unpaid of $177.05; that Koontz and Martin, who first purchased the machine from Smalley, as well as the defendant Yost, to whom they sold and delivered it within

said three months, had no prior knowledge of the fact of the conditional sale and reservation of title by plaintiff; that both purchasers had paid valuable consideration for the property; and that neither the said contract nor the notice of plaintiff's claim were ever recorded in Wetzel County.

The judgment of nil capiat denied plaintiff relief and dismissed the action.

The machine was removed by Smalley into Wetzel County on the .... day of August, 1919, where it was sold by him to Koontz and Martin on August 27th, and by them sold to William Yost, father of defendant, on the......day of September, 1919; and this suit was not brought by plaintiff until December 29, 1919, more than three months after the removal of the property from Marshall into Wetzel County.

The question presented is, who has the superior right and title to the property sued for, or the value thereof? The defendant, though purchaser within three months after its removal into Wetzel County, relies on the fact that the plaintiff, neither within that time nor at any time recorded the contract of sale in Wetzel County, whereby he contends that plaintiff forfeited its reservation of title as to creditors and purchasers without notice. Is this the law of the case? Upon reason and the decided weight of authority we do not think it is. Concededly Koontz and Martin, the purchasers from Smalley, and Yost, who purchased from them, were at the time of their respective purchases bound to take notice of plaintiff's superior rights appearing of record in Marshall County, for the time had not expired within which it might record its contract or notice thereof in Wetzel County. Until that time expired the record in Marshall County was notice to all the world of plaintiff's rights. Such is the great weight of authority as applicable to chattel mortgages; and we think the same rule is applicable to contracts of conditional sales with reservation of title. *Hammels* v. *Sentous et al.*, 151 Cal. 520, 12 Ann. Cas. 945, and note page 947, citing among other cases our case of *Hundley* v. *Calloway*, 45 W. Va. 516. A different rule, and on a statute similar to ours, seems to have been adopted in Alabama, in *Pulaski*

*Mule Co.* v. *Haley,* 187 Ala. 533, Ann. Cas. 1916 A. 877, the case mainly relied on by defendant to sustain the judgment; but in our opinion that case is opposed to our own, the decisions in Virginia and in many other States, as well as to sound reason and legal principles. In that case a distinction was sought to be drawn between the provision of the statute relating to chattel mortgages and the one applicable to conditional sales; but we think no such distinction exists. Certainly it is not justified by our statutes.

Our statute, section 7, chapter 74 of the Code, substantially the same as the Virginia statute, provides that: "If any goods or chattels mentioned in such writing, be removed from a county in which it is admitted to record, the said writing shall, within three months after such removal, be admitted to record in the county to which the property is so removed; otherwise the same, *for so long* as it is not admitted to record in such last mentioned county, shall, as to the property so removed, be void as to such creditors or purchasers."

Nothing in this statute changes or affects the rights or liabilities of the parties to the original contract. The rights of the seller as against the original purchaser remain the same after as before the removal of the goods. They are controlled by the contract. The statute was intended to protect innocent purchasers and creditors; but it does not protect them if they give credit or become purchasers within three months after the date of the removal of the goods into another county. To be protected they must be creditors or purchasers after the lapse of three months and before record of the contract in the county to which the goods have been removed. Here Koontz and Martin and their vendee purchased the property within three months after it was taken into Wetzel County, so that as to them the original contract in Marshall County was constructive notice of the superior rights of the plaintiff, and unless the latter's rights become forfeited or surrendered by omission to record the contract within three months, the former are bound by the constructive notice binding them at the time of their respective purchases. According to the decisions cited from Alabama,

plaintiff's omission to record the contract in Wetzel County would effect such forfeiture or surrender. Under our statute plaintiff might have sued and recovered the property within the three months upon default of any of the monthly payments, or on the purchaser's removal or attempt to remove the property out of the county, as provided in the contract. The record shows, however, that plaintiff did not discover the fact of such removal until shortly before December 29, 1919, the day suit was brought.

Our case of *Hundley* v. *Calloway, supra,* was a suit by Hundley, Trustee, to recover the possession of two mules conveyed to him by Runion to secure one Young payment of the purchase money for the mules. The sale and deed were on November 23, 1895, in Roane County, where the deed of trust was on the same day recorded. The mules were afterwards removed to Calhoun County, and the deed of trust recorded there December 17, 1895. Subsequently, on November 28, 1896, it was also recorded in Fayette County, and two days later, November 30th, the suit was brought in Fayette County by the trustee. The evidence tended to show that defendant came into possession of the property about October 17, 1896. The conclusion of the court was that the trustee had shown the superior right, in as much as the defendant had failed to show by competent evidence that he had become the purchaser of the property outside of the counties of Roane and Calhoun three months or more prior to November 28, 1896, the date of the recordation of the deed in Fayette County.

In the case of *Bryan* v. *Cole,* 10 Leigh 497, the grantor in a deed of trust was allowed to remove the property out of the county where situated, and the deed was not recorded in the county to which it was removed for more than twelve months thereafter. After the lapse of the twelve months given by the statute to record the same against purchasers and creditors, suit was brought by a general creditor against the deed of trust debtor, but before judgment and execution the deed of trust was delivered to the clerk of the county court for record; and it was held that the deed was valid as

against the creditor. Judge Brooke in that case said, respecting the recording act: "It was never supposed that if a deed under one of the former acts was not recorded within eight months, as required by that act, it was void as to creditors at large, whose rights had not attached on the property before the deed was recorded after the expiration of the eight months."

In *Crouch* v. *Dabney,* 2 Gratt. 416, the slave involved had been conveyed and the deed of trust recorded in one county, where the grantor and the slave were resident, and afterwards a son of the grantee took the slave into Henrico County and there sold him to the defendant. The purchaser, who bought the slave within the twelve months given by the statute to record the trust in Henrico County, defended on the ground that the deed had not been recorded within the time prescribed by the statute. The judgment below for the plaintiff was affirmed. It was held that the deed of trust, though not recorded until after the twelve months, was not void, but valid as against the intervening purchaser.

In *Hughes* v. *Pledge et al.,* 1 Leigh 443, the trustee in a deed of settlement made in Hanover County promptly recorded the same in that county. The husband of the beneficiary, who by the deed was entitled to possession of the slaves involved, removed them to Richmond, where he executed a mortgage upon them for his own debts within twelve months after their removal. Within the twelve months the trustee filed a bill against the husband and mortgagee asserting legal title to the slaves under the deed of settlement. The plaintiff recovered, the court holding the mortgagee to have been a purchaser with notice of the settlement within the twelve months after the removal of the slaves to Richmond, and as to him the failure of the trustee in the deed of settlement to have it recorded in Richmond did not make the settlement void under the recording statutes.

In *Lucado et al.* v. *Tutwiler's Admr'x et al.,* 28 Gratt. 39, a canal boat owned and operated by Tutwiler between Richmond and a point in Fluvanna County, where he resided,

was sold to Cox, residing in Richmond. Tutwiler took from Cox a mortgage on the boat to secure the purchase money, which he had recorded in Fluvanna County, and within twelve months thereafter in Richmond. Between the recordation of the instrument in the two places, judgment creditors of Cox, seized the boat at Richmond, and in a suit by the administrator of Tutwiler, asserting his rights under the mortgage, it was held that the mortgage had priority over the execution creditors of Cox.

What has been said in connection with the authorities cited is sufficient to support the proposition that when Koontz and Martin and their vendee Yost purchased the machine, they were bound by constructive notice of plaintiff's rights. Plaintiff's rights had then matured, with right of action against the purchaser to recover the property, and plaintiff's omission to afterwards record the lien did not operate as a surrender of these rights, accruing within the period prescribed by the statute for recording the contract in Wetzel County.

On the whole case we are of opinion to reverse the finding and judgment for the defendant below, and upon the agreed statement of facts we find for the plaintiff and that it was at the date of the institution of the suit entitled to possession of the automobile sued for, or in the alternative to its value, and damages, if any, for its unlawful detention. But as the facts agreed to do not cover the value of the property, nor the amount of such damages, if any, the case will be remanded to the circuit court, but for the sole purpose of impaneling a jury to ascertain the value of the machine and the amount of such damages, if any, and to pronounce final judgment thereon in favor of the plaintiff.

*Reversed and remanded.*