# Federal Credit Co. *v.* Holloman.

(Division A. April 17, 1933.)

[147 So. 485. No. 30586.]

Stevens & Heidelberg, of Hattiesburg, for appellant.

**O. F. Moss,** of Lucedale, for appellee.

214

McGowen, J., delivered the opinion of the court.

The Federal Credit Company, appellant instituted a replevin suit for a certain automobile against the appellee, W. H. Holloman, in the circuit court of George county, resulting in a verdict and judgment for the appellee, which judgment was based upon a peremptory instruction granted in favor of the appellee, Holloman.

On October 7, 1931, the Federal Credit Company sold the automobile in controversy to Jack and J. W. Sherrill, on credit, for seven hundred seventy-two dollars, to be paid for, at the rate of thirty-nine dollars and thirty-three cents per month for eleven months, and the balance of three hundred thirty-nine dollars and thirty-seven cents in twelve months. There was a conditional sales contract executed in which it was provided that the appellant should retain title to the automobile until the full performance of the contract on the part of the Sherrills. The contract further provided that the Sherrills should keep the car in good repair and discharge any lien thereon. On February 5, 1932, the automobile was partially destroyed by fire, at which time the Sherrills were in default on their monthly payments. The car was insured and on April 23, the Federal Credit Company collected from the insurance company four hundred thirty-five dollars.

At the time of the institution of this suit, there was a balance due by the Sherrills of two hundred thirty-eight dollars and fifty-four cents.

After the burning, the Sherrills exchanged it with the Smith Chevrolet Company for another car; being allowed one hundred twenty-five dollars for the partially burned car.

There is conflict in the evidence as to whether or not the appellant, Federal Credit Company, knew that the Smith Chevrolet Company had taken possession of the partially burned car. They retained possession thereof

for one hundred sixty-six days, and charged storage at the rate of fifty cents per day. It had cost two hundred eighteen dollars and ten cents to recondition the car, prevent deterioration thereof, and put it in operation.

About August 9, 1932, the Smith Chevrolet Company sold the car to Holloman, the appellee, and defendant in the replevin suit, and on August 13, 1932, this suit was instituted.

At the time the Smith Chevrolet Company sold the car to Holloman, they delivered with the car an itemized statement for repairs and storage totaling three hundred one dollars and fifty cents, and, in writing assigned the account and an asserted mechanics' lien to Holloman.

Holloman's only defense in the court below to the action of replevin was based upon the assignment to him by the Smith Chevrolet Company of its alleged claim for repairs and storage and the mechanics' lien therefor under section 2255, Code of 1930.

The Smith Chevrolet Company repaired the car and charged for storage therefor on its own initiative after said car came into its possession under a claim of ownership derived by it from the Sherrills.

There is no contention that the Federal Credit Company knew of the repairs or authorized same to be made, or that the Sherrills, the original purchasers, authorized the repairs or the storage.

From this statement of facts, it will be observed that Holloman, by his assignment from the Smith Chevrolet Company, of their mechanics' lien, had no further or different defense to this action other than that which the Smith Chevrolet Company had.

The appellant, as plaintiff in the court below, made out its case showing that it was entitled to the immediate possession of the automobile, as replevin is the proper remedy in such case. The unbroken line of authorities in this state hold that, in such case, replevin will lie,

Ketchum v. Brennan, 53 Miss. 596; Duke v. Shackelford, 56 Miss. 554; Dederick v. Wolfe, 68 Miss. 506, 9 So. 350, 24 Am. St. Rep. 283; Journey v. Priestly, 70 Miss. 586, 12 So. 799; Foundry Co. v. Ice Co., 72 Miss. 615, 18 So. 364; Polle v. Rouse, 73 Miss. 717, 19 So. 481; Young v. Salley, 83 Miss. 364, 35 So. 571, and Kerl v. Smith, 96 Miss. 827, 51 So. 3.

It is clear that the defense presented by Holloman in the court below is that of the Smith Chevrolet Company, which is, while it had the car in its possession claiming to own it, it stored the car and repaired it, and now claims a lien under the circumstances detailed.

When the Smith Chevrolet Company took over the car from the Sherrills with knowledge of the outstanding contract with the Federal Credit Company, it took it cum onere. The Sherrills had agreed, in writing, to keep it in repair, and, in so far as the claim for repairs is concerned, the Smith Chevrolet Company acquired no lien against itself.

While an action to enforce a mechanic's lien, under section 2255, Code 1930, is quasi in rem, that statute clearly presupposes a contract with another establishing a lien, and provides for a deficiency judgment against such other person, in event the property to which the repairs are made does not bring sufficient to cover the judgment lien, and an execution thereon; it requires two parties to establish such lien contract. An owner cannot have a lien on his own property, as ownership and liens are inconsistent interests, and the lien is merged into the general property. 37 C. J. 324. In the case of Hollis & Ray v. Isbell, 124 Miss. 799, 87 So. 273, 20 A. L. R. 244, first syllabus, it is said that: "All liens are created by law or by contract, and to establish a lien the contract must be made by the owner of the property upon which a lien is sought to be impressed. The contract may be expressed or implied. But, where a me-

chanic repairs property on which there exists a prior lien which he knows exists, his lien for. repairs will be subject to the prior lien unless the facts show a waiver by the prior lienholder, or an implied contract to sub- . ordinate his lien to that of the mechanic.'' In the course of the opinion it is said that: ''The general rule of priority is that one acquiring a right with knowledge of a prior right, acquires subject to the prior right, and this rule will be enforced unless circumstances are such that an agreement to the contrary may be implied on the part of the holder of the prior right.''

The appellee, Holloman, relies upon the case of Wingate v. Mississippi Securities Co., 152 Miss. 852, 120 So. 175, wherein this court said that, ''Where a mechanic repairs an automobile without notice of a reserved title outstanding, he has a lien upon the automobile as against the conditional vendor, where the repairs were necessary to keep the automobile in condition for operation, to the extent of the enhanced value produced by the repairs,'' and the fact that, after making the repairs, the mechanic bought the car without notice of the outstanding reserved title, he does not lose his right or lien for repairs as against the conditional vendor. This case is not authority for the position that the owner, in possession, subject to the conditional sales contract such as we have indicated, may contract with himself to establish a lien for repairs and storage. It was its duty and its contract to keep the car in repair, and to discharge any lien thereon, as provided by the Sherrills' contract with appellant. Wingate repaired the car for Marsaiels before he acquired his subsequent purchase thereof, and this did not destroy or merge his pre-existing, prior lien.

In the case at bar, the Smith Chevrolet Company made repairs on the automobile with notice of the contract; gave orders to itself, and fixed the amount of the obligation with itself for such repairs and storage.

It could not sue itself, and the owner acquired no lien

on the car enforceable in the courts. Its assignee, Holloman, had no higher right than was acquired by the Chevrolet Company, the assignor. If the Sherrills had repaired the car or stored it, they would have had no lien therefor. Their contract provided that they should do so. Likewise, neither the Chevrolet Company nor Holloman have a lien.

The appellant objected to all the testimony offered in connection with the assignment of this claim, which objection was by the court overruled.

The appellant's request for a peremptory instruction should have been granted.

The only evidence of the value of the car in this behalf is in the sheriff's return, which fixes the value at two hundred twenty-five dollars, which is less than appellant's verdict. The judgment here will be for the appellant so fixing the value and awarding to appellant possession thereof as provided in the contract.

Reversed, and judgment here for the appellant.