[Civ. No. 9866.   Second Appellate District, Division Two.—April 25, 1935.]

J. E. WEBSTER, Receiver, etc., Respondent, v. MOUNTAIN MONARCH GOLD MINING CO., LTD. (a Corporation), Appellant.

Hy Schwartz for Appellant.

Claude I. Parker, Ralph W. Smith and J. Everett Blum for Respondent.

WILLIS, J., *pro tem.*—Plaintiff, as receiver of Southwestern Engineering Corporation, commenced this action to recover possession of certain mining machinery and equipment or its value, alleged to be the sum of $5,000, from defendant. The record discloses the fact that before trial plaintiff had obtained possession of all the property claimed by process of claim and delivery, and that such possession still continued at the date of decision and judgment herein. The complaint is in the usual form in such actions, and the only issues created by the answer consisted of the right of possession, the status of the property described in respect to being personal or real, the value thereof and whether the action was barred by the provisions of subdivision 3 of section 338 of the Code of Civil Procedure. After trial the court found that plaintiff was the owner of and entitled to the possession of "that certain personal property" described

in the complaint, with the exception of two items which had previously been returned; that the value thereof was the sum of $4,220; that defendant, without right, had held and retained possession "of the hereinabove described personal property"; that demand for the possession thereof had been made by plaintiff and refused by defendant. From its findings the court concluded that plaintiff was entitled to judgment against defendant for the possession of the property or the sum of $4,220, found to be the value of such property, and that "defendant is entitled to take nothing by his answer". Judgment was accordingly entered in the alternative form for recovery of possession or, in event said personal property cannot be delivered by the defendant to the plaintiff, that plaintiff recover from defendant the sum of $4,220. From this judgment and from the whole thereof this appeal is prosecuted.

Appellant contends (1) that the evidence is insufficient to justify the decision; (2) that the findings are not supported by the evidence; (3) that there is a failure to find on material issues, and (4) that plaintiff is estopped by long delay in asserting any rights to the property in question.

■ The defendant had opportunity to plead estoppel and failed to do so. Such failure renders that defense unavailable now. (10 Cal. Jur. 654; *Mahana* v. *Echo Publishing Co.*, 181 Cal. 233 [183 Pac. 800].)

■ We have at great pains examined the typewritten record, notwithstanding it was not our duty to do so, in order to ascertain what merit, if any, lay in appellant's claims of insufficiency of the evidence to sustain the decision or support the findings, and such examination shows no merit in such claims. The evidence clearly shows that defendant was withholding possession of the personal property in question from plaintiff, after notice and knowledge that plaintiff was the owner thereof and entitled to its possession under a conditional sales contract with Mt. Whitney Union Mining Company, the buyer, in which contract title was reserved to the seller with right of repossession on failure of the buyer to make payments as provided therein. It is undisputed that the buyer was long in default as to payments, and there is sufficient evidence to support the claim of plaintiff to its possession and that defendant had acquired no

rights or title to such property. Indeed, the record fails to show that defendant ever asserted any right to the property, but does show that when it acquired the lease on the mining ground on which this equipment and machinery was located, it had knowledge of plaintiff's claim to the same and of the circumstances of its conditional sale and delivery to the Mt. Whitney Union Mining Company. The findings of the court are supported by competent evidence and are binding on the appellate court.

Appellant contends that the court failed to find on the issue whether the property described in the complaint was real or personal, or on the issue of the statute of limitation pleaded in the answer. ■ The answer herein denied that the property described in the complaint was personal property. The court's findings as hereinabove partially quoted negative that denial and in effect are findings that the property was personal property. There is nothing left undetermined in respect to the status of the property. The court found that plaintiff was the owner of and entitled to possession of the ''personal'' property described. Necessarily this conclusion excludes all notion or idea that the property was of any other kind, and it was unnecessary to make a more particular finding upon the denial in the answer. (*Saxon* v. *Buckeye Mfg. Co.*, 34 Cal. App. 200 [167 Pac. 174].) On appeal we are entitled to draw necessary inferences from the findings in order to support the judgment. (*Hulen* v. *Stewart*, 191 Cal. 562 [217 Pac. 750].) Furthermore, where findings are made upon issues which determine a case, as the findings herein do, other issues become immaterial and a failure to find thereon does not constitute prejudicial error. (24 Cal. Jur. 947.)

■ Appellant's claim of prejudicial error based on the apparent failure of the court to find on the issue of the statute of limitations is not well founded. The court in its conclusions found that defendant was ''entitled to take nothing by reason of its answer''. This may readily be understood to mean that the plea of the bar of the statute of limitations was not supported by the evidence and therefore not the basis of any relief. Furthermore, as the statute pleaded began to run in this case from the time of demand and refusal to return (5 Cal. Jur. 172), and

as there is no evidence whatever of any demand having been made at any time prior to three years before June 2, 1933, the date of filing the suit, it is manifest that no prejudicial error could result from failing to find, where the finding must of necessity be adverse to the defendant. (24 Cal. Jur. 944; *Hulen* v. *Stewart, supra; Phillips* v. *Stark,* 65 Cal. App. 136 [223 Pac. 443].)

In its oral decision at the close of the trial the court found that plaintiff had repossessed and was then in possession of the personal property of which recovery was sought. In its brief herein appellant states that upon filing the complaint plaintiff secured possession of the property described in the complaint by process of claim and delivery executed by the sheriff. Section 627 of the Code of Civil Procedure provides that if the personal property, recovery of possession of which is sought, has not been delivered to the plaintiff, the value of the property must be found; and section 667 of the same code provides for entry of judgment in such case for possession or the value thereof. In *Claudius* v. *Aguirre,* 89 Cal. 501 [26 Pac. 1077], it is held that under this section the jury is authorized to find value of the property, if their verdict be in favor of plaintiff, only ''if the property has not been delivered to the plaintiff''; and that *e converso,* if the property has been delivered to the plaintiff, they are not required to find the value, and unless the value has been found there is no basis upon which to render the alternative judgment for its value. Precisely to the same effect is the case of *Caruthers* v. *Hensley,* 90 Cal. 559 [27 Pac. 411]. In *Erreca* v. *Meyer,* 142 Cal. 308 [75 Pac. 826], it is said: ''If, for instance, the plaintiff in such an action has already obtained the possession of the property before judgment, there is no occasion, in the event that he finally prevails, for any judgment for its value, 'as the condition is wanting upon which such clause in the judgment is authorized, viz.: ''if delivery cannot be had'' '. (*Claudius* v. *Aguirre,* 89 Cal. 501, 504 [26 Pac. 1077].) '' From these authorities it is clear that the issue of value in this case became immaterial and the finding thereon is surplusage and the judgment for such value in the sum of $4,220 as an alternative to recovery of possession was unwarranted by the record. There was no occasion for an alternative judg-

ment. Plaintiff had secured possession by claim and delivery process before trial, and the right to continued possession was adjudged by the court. That was all he was entitled to, other than damages for detention. No such damages were found or adjudged. It follows that the judgment must be modified by eliminating therefrom the alternative portion thereof awarding the sum of $4,220 to plaintiff.

The judgment herein is modified by striking therefrom the following: ''or in the event said personal property cannot be delivered by the defendant to the plaintiff, the plaintiff do have and recover from the defendant the sum of Four Thousand Two Hundred Twenty Dollars ($4220.00)'', and as so modified it is affirmed, appellant to bear costs on appeal.

Crail, J., and Stephens, P. J., concurred.