## TAYLOR BROS. CO. v. DUDEN et al.

No. 7026. Decided January 27, 1948. (188 P. 2d 995.)

See 53 C. J. S., Limitation of Actions, sec. 33. Rights as between conditional seller and one claiming under or through sale or mortgage by buyer which is subject to seller's reservation of title, see note, 87 A. L. R. 941. See, also, 47 Am. Jur. 133.

*Christenson & Christenson,* of Provo, for appellant.

*I. E. Brockbank,* of Provo, for respondent.

WADE, Justice.

Taylor Brothers Company, the respondent herein, commenced an action against Don H. Duden and Donna Duden Peterson, as defendants, for the possession of a piano and bench sold to Don H. Duden on a title retaining note. Don H. Duden who was served outside the state did not appear or answer but Donna Duden Peterson answered claiming title to the property and pleading that as to her, respondent's action was barred by the provisions of Sec. 104-2-24, Subsection (2), U. C. A. 1943. From a judgment in favor of Taylor Brothers Company, the defendant, Donna Duden Peterson, appeals.

This case was tried by the court on stipulated facts and the only question presented to this court for determination is whether the trial court erred in holding that the action was not barred by the Statute of Limitations.

It is appellant's contention that the action is barred by the provisions of Sec. 104-2-24(2), U. C. A. 1943, which provides that an action for the taking, detaining or injuring of personal property including an action for the recovery thereof must be brought within three years. Respondent argues that the action is not barred, and that in any event, Sec. 104-2-24(2) is not applicable because its right to recover is based on a written contract and therefore its action could only be barred under the provision of Sec. 104-2-22(2), U. C. A. 1943, which provides that an action on a written contract must be brought within six years.

The facts as stipulated were: That on December 22, 1938, Don H. Duden purchased a piano and bench from Taylor Brothers Company and as consideration for such purchase executed a title retaining note in favor of Taylor Brothers Company. That at the time of the purchase he stated to respondent herein that he intended to give it as a Christmas present to his wife Donna Duden, who is now Donna Duden Peterson, the appellant herein. The piano and bench were delivered to the home of Don H. Duden on December 25, 1938, and he then gave it to his wife, who has had it in her

possession ever since until it was taken from her by the sheriff under claim and delivery proceedings instituted by the respondent herein. Donna Duden Peterson admitted by her answer that respondent had made demand on her for the possession of the piano and bench apparently just prior to the filing of the complaint in this action and that she had refused to deliver the property to it.

It is appellant's contention that since she was not a party to the written contract, respondent's cause of action as against her was one for claim and delivery and therefore was barred by the provisions of Sec. 104-2-24 (2), U. C. A. 1943, because this action was commenced more than three years after she had obtained possession of the piano and bench.

Respondent based this suit on its contract with Don H. Duden and elected to take immediate possession of the property. Donna Duden Peterson was made a party defendant to the suit because she had possession as the donee of Don H. Duden. It is respondent's theory that the rights of a transferee of personal property by the purchaser under a conditional sales contract are analogous to that of a vendee of mortgaged real property who has not assumed the obligation of the mortgagor. This court has held that such a vendee may plead the bar of the Statute of Limitations at the expiration of six years after the cause of action against the mortgagor has arisen. See *Graves* v. *Seifried*, 31 Utah 203, 87 P. 674 and *Boucofski* v. *Jacobsen*, 36 Utah 165, 104 P. 117, 26 L. R. A., N. S. 898. In those cases it was held that the statute of limitations inured to the benefit of a third party who was not a party to the contract even though the mortgagor had waived or could not avail himself of that defense. This is so because as stated in 34 Am. Jur. page 294, Sec. 379:

"Although, it is generally true that the statute of limitations is a plea personal to the debtor, it is nevertheless established that where there is a privity between the party who could, if sued, plead the statute and the party offering to plead it, the latter may plead it to

save his property. Such is the case with heirs, mortgagees, transferees of mortgaged property, and, unless the grant is fraudulent, vendees. * * *"

However, in the instant case we are not confronted with the question of whether the Statute of Limitations inures to the benefit of a third party. We are not concerned here with the question as to whether Donna Duden Peterson, had she so desired, and if the facts had warranted, could have plead the bar of the Statute of Limitations requiring action on written contracts to be commenced within six years, as being the privy between the party who could, if sued, have plead the statute. We are here concerned with which statute of limitations is applicable under the facts of this case. To determine this we must look to the nature of the cause of action respondent had against appellant. See 34 Am. Jur. page 50, Sec. 50; *Common School District No. 18* v. *Twin Falls Bank & Trust Co.*, 52 Idaho 200, 12 P. 2d 774.

While it is true that respondent brought its suit against Don H. Duden on the basis of its written agreement with him, as to Donna Duden Peterson it alleged that she was in the actual possession of the property and that upon demand made she refused to deliver the possession to it, whereupon it filed with the sheriff an affidavit and undertaking on claim and delivery. It is apparent that as to Donna Duden Peterson, respondent's cause of action was one for the specific recovery of personal property. She was not a party to the contract and therefore except insofar as her right to retain possession of the property was limited thereby she was not affected by it. Respondent could not sue her to enforce any of its specific obligations. Never having parted with the title to the property it had a right to recover its possession from any one who had it after the original purchaser had defaulted in the payments as they became due and claim and delivery was a proper action against her. See *Webster* v. *Mountain Monarch Gold Mining Co.*, 6 Cal. App. 2d 450, 44 P. 2d 646; *Eastern Outfitting*

*Co.* v. *Myers,* 39 Cal. App. 316, 180 P. 669; *American Soda Fountain Co.* v. *Najarian,* 119 Misc. 219, 195 N. Y. S. 555; *Auto Sales Co.* v. *Yost,* 91 W. Va. 493, 113 S. E. 758; *Federal Credit Co.* v. *Holloman,* 165 Miss. 211, 147 So. 485; and *Pacific Finance Corp.* v. *Snohomish County,* 160 Wash. 384, 295 P. 110, in which replevin actions were brought against third parties by the sellers of goods under conditional sales contracts.

Under the stipulated facts of this case respondent had knowledge of the fact that appellant was in possession of the property. Her possession of the property was lawful and subject only to the right of the vendor to repossess it upon default by the original vendee of his obligations under the contract. Although the written contract provided that the purchaser could not sell, mortgage or otherwise dispose of the property before title passed without the written consent of the seller, that provision was for the financial benefit of the seller and could be waived by it. See 47 Am. Jur. Sec. 926, page 133, wherein it is said:

"* * * The conditional vendor may waive a prohibition against transfer, and he does waive a requirement of written consent by giving his oral consent. * * *"

In this case it is stipulated that respondent knew the purchase was made for the purpose of giving it to Donna Duden Peterson as a Christmas gift. It was delivered on Christmas day, and it is clear that respondent gave its consent to such transfer of possession. Under such circumstances appellant was not holding the property adversely to respondent's interest therein. Her possession was not wrongful but her right thereto was subject to the conditions of the contract. A cause of action for detaining personal property under the provisions of Section 104-2-24, subdivision (2) U. C. A. 1943, would not arise until she refused to surrender possession of the property after request, notice or demand therefor. It is her refusal to surrender possession, not her refusal to deliver the property,

which makes her possession wrongful and until then—plaintiff had no right of action against her. The period of the statute of limitations would not commence to run until such right of action accrued. See *Nebeker* v. *Harvey*, 21 Utah 363, 60 P. 1029, wherein this court held that a cause of action in replevin arose when and where a demand was made and refusal occurs. See also *Webster* v. *Mountain Monarch Gold Mining Co.*, supra. It follows therefore, that the court did not err in holding that the provisions of Sec. 104-2-24(2) did not bar this action. In view of this, it is unnecessary to decide whether Sec. 104-2-24(2) or Sec. 104-2-22(2), U. C. A. 1943, would apply in an action brought to repossess property sold under a written conditional sales contract from a third party who is not a party to the contract.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and PRATT, WOLFE, and LATIMER, JJ., concur.