40 So.2d 647

**JACKSON et al. v. PARKER.**

**4 Div. 87.**

Court of Appeals of Alabama.

Nov. 16, 1948.

Rehearing Denied Dec. 14, 1948.

Affirmed on Mandate May 17, 1949.

C. L. Rowe, of Elba, for appellants.

J. C. Fleming, of Elba, for appellee.

CARR, Judge.

On August 16, 1947, J. M. Jackson & Sons sold an automobile to one James H. Rodgers, a resident of Coffee County, Alabama. The purchase price was evidenced by a cash payment and a conditional sales contract for the balance due. On the 18th of August, two days later, Rodgers took the car to Pike County, Alabama, and there sold same for a cash consideration to Dismukes Motors. The latter concern, on the 20th of August, 1947, sold the automobile to one Cecil Parker.

The conditional sales contract indicated was not filed for record in either of the counties of Coffee or Pike until September 11, 1947, and September 15, 1947, respectively. The failure of this recordation in Coffee County was ascertained to be true by the Dismukes Motors before it purchased the car from Rodgers.

J. M. Jackson & Sons instituted detinue action against Parker on September 13, 1947. In the court below there was a judgment in favor of the defendant and this appeal followed.

The decision of the questions presented revolves around a correct construction of the terms and provisions of Title 47, Sec. 131, Code 1940, 1947 Cumulative Pocket Part, the pertinent portions of which are:

"All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent, or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition void against purchasers for a valuable consideration, mortgagees, landlords with liens and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains; and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed".

The authorities are committed to the doctrine that a failure to record a conditional sales contract in no wise affects the rights of the parties to the agreement as between each other. A fortiori, a mere delay in filing the contract for recording does not alter or change the contractual obligations or rights. A failure or delay to record the instrument under the provisions and mandates of our recording statutes has the effect of rendering them void as against "purchasers for a valuable consideration, mortgagees, landlords with liens and judgment creditors without notice thereof". Winston v. Hodges, 102 Ala. 304, 15 So. 528; Lynn v. Broyles Furniture Co., 3 Ala.App. 634, 57 So. 122.

In the matter of present concern our appellate courts have concluded that there is a distinction between the construction to be placed on Title 47, Sec. 121 and Title 47, Sec. 131, Code 1940. This is clearly pointed out in Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783, 784, Ann.Cas.1916A, 877.

■ This court had occasion to construe the terms of the instant statute in Lynn v. Broyles Furniture Co., supra. Under the statute then effective and before amendment by Act No. 574, General Acts 1943, p. 577, conditional sales contracts of less than two hundred dollars in amount were not required to be filed for record in Jefferson County. The furniture in question was sold in Jefferson County and later removed to Cullman County. We held in effect that the instrument evidencing retention of title to the property should have been recorded in Cullman County within the three months period in accordance with the mandatory provision of the statute. The conclusion was reached that the original vendor had three months within which to file his contract for record in the county to which the furniture was removed, and if within this period of time a third party bought the property for value and without notice, he did so at his peril.

It is true the contract was not required to be filed for record in Jefferson County under the then existing statute, but the decision does not hinge on this point, nor does it appear to be of material concern on the matter in controversy. This is made clear by the following pronouncement: "It was the evident purpose of the Legislature in calling into existence the statute providing for the registration of instruments evidencing conditional sales of personal property to require, for the protection of innocent purchasers, mortgagees and judgment creditors without notice that, in the event any of the property covered by such instrument was removed from the county in which the sale was made and the property situated into some other county, such instrument should be recorded within 90 days after such removal in the county into which such property was removed, and that, unless so recorded within 90 days, such instruments should be void as against the parties for whose protection the statute was designed."

The Supreme Court reviewed a situation of like import in the case of Pulaski Mule Co. v. Haley & Koonce, supra. The mules, which were the subject of the sale, were sold by a Tennessee concern to a resident of Limestone County, and later the property was removed by the vendee to Lauderdale County and there conveyed to a third party. The retention title note, evidencing the original sale, was duly recorded in the former county, but was never filed for record in the latter. Justice Gardner, now Chief Justice, writing for the court, posed this query: "Does the registration of the note in Limestone serve as constructive notice after the removal into Lauderdale, until after expiration of three months as provided by statute?"

In response to this question the court held that the retention title note should have been recorded in Lauderdale County within the three months period after the removal of the mules from Limestone and a failure in this regard gave the purchasers, without notice, a good title.

In the opinion the court observed: "The language of said section 3394 of the Code likewise declares void such conditional contracts as to the condition unless recorded as therein provided. It requires that upon the removal of the property to another county the contract must be again recorded within three months of the time of such removal within the county to which it is removed. The purchaser buys at his peril that the contract will be recorded within the time. On the other hand, the purchaser buying within the three months for value and without notice, the contract not being recorded within said time after its removal, is protected."

It is to be noted that the opinion in the Lynn case, supra, was discussed somewhat at length, and its holding was specifically accepted and approved.

In our review of the cases in other jurisdictions, we find that the doctrine herein stated is not in unanimous accord. This is particularly pointed out in Auto Sales Co. v. Yost, 91 W.Va. 493, 113 S.E. 758. The West Virginia Supreme Court refused to follow the rule announced in the Pulaski Mule Co. case, supra, and proclaimed its disapproval in the opinion. This observation, however, can only amount to matters that may be of professional interest, so far as this court is concerned. Title 13, Sec. 95, Code 1940.

It follows that the judgment of the primary court is out of harmony with the views herein expressed.

■ The evidence in the case is without conflict or controversy. It appears that Title 7, Sec. 810, Code 1940 should be here applied.

■ It is therefore ordered that a judgment be here rendered in favor of the appellant—plaintiff below—for the property sued for. The reasonable value of the automobile in question is fixed at $1050. The mortgage or conditional sales indebtedness is ascertained to be $530 with legal interest to date. An attorney's fee of 20% of the total of the principal and interest should be allowed.

It is further ordered that the court below enter judgment in accord with this finding and direction.

Reversed and rendered.

#### After Remandment.

PER CURIAM.

Affirmed on authority of Jackson et al. v. Parker, 252 Ala. 167, 40 So.2d 649.